LEON KUTZ *vs.* CELIA S. KUTZ & another.[1]  February 3, 1976.  A judge of the Superior Court denied the application of the former husband to vacate an arbitrators' award in favor of his former wife, and confirmed the award.  The husband appeals and assails a portion of the award in two respects.  Having taken the case on direct review under G. L. c. 211A, § 10 (A), we affirm.  1. The 1973 separation agreement, which survived the divorce, provided: "Promptly after the last day of the calendar month following the date of this Agreement and on the last day of each month thereafter, the Husband shall reimburse the Wife for all reasonable expenditures made by the Wife for the cost of food and miscellaneous incidental items related to food and household supplies and similar expenses incurred by the Wife for the benefit of the children" (two grown children living with the wife).  The husband demanded an "exact accounting."  This was found in the report of the neutral arbitrator to be "unreasonable and designed only to harass and annoy [the wife]"; correspondence from the husband "illustrate[d] the complete impossiblity and futility of submitting to him figures which he would accept."  Ac-

---

[1] Brooks Potter.

cordingly, upon consideration of statements of the wife's relevant expenditures over a period of time, the arbitrators established "an overall daily expense [with certain modulations] for maintaining an unemancipated child in a house the size and quality of the Andover house, having in mind the 'station of life' to which the Kutz family had been accustomed until the separation and divorce . . . ." The expenses so fixed are charged to the husband monthly. The husband argues that "the arbitrators exceeded their powers" (G. L. c. 251, § 12 [a] [3], inserted by St. 1960, c. 374, § 1) in that they modified, in effect, the terms of the separation agreement by substituting a rate for a dollars and cents accounting. Without undertaking to examine when, if ever, a virtual modification of a contract by arbitrators might furnish a basis under the statute for impeaching an award, we think the award here does nothing objectionable. The separation agreement did not by its terms call for detailed accountings, which in all events would not work; some practical procedure had to be devised to effectuate the agreement; and the arbitration clause was broad enough, since it extended to "any dispute or disagreement" regarding the "performance" of the agreement as well as its "meaning" or "interpretation." 2. The husband charges that "there was evident partiality by an arbitrator appointed as a neutral" (G. L. c. 251, § 12 [a] [2], inserted by St. 1960, c. 374, § 1) in that the entire costs of the arbitration were cast on the husband. Otherwise stated, the argument is that if the part of the award as to the household expenses is vacated, then such bias will have been shown as to warrant vacation of the award of costs also. The agreement empowered the arbitrators to fix and allocate the costs in their discretion, there is no indication of partiality on this record, and we are not disturbing the award regarding household expenses. 3. The wife questioned below the "jurisdiction" of the Superior Court to act on an application to vacate an arbitration award arising out of a separation agreement made part of a decree of divorce in the Probate Court. She did not cross appeal. The point is without substance. See *Hills* v. *Shearer*, 355 Mass. 405 (1969); *Freeman* v. *Sieve*, 323 Mass. 652 (1949); G. L. c. 251, §§ 15-17.

*Judgment affirmed.*

The case was submitted on briefs.
*John M. Kahn* for Leon Kutz.
*Jacob M. Atwood & David H. Lee* for Celia S. Kutz & another.