LOIS B. BLOKSBERG vs. LEONARD M. BLOKSBERG.

Norfolk.    November 20, 1978. — March 20, 1979.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Divorce*, Separation agreement, Modification of decree. *Contract*,
    Separation agreement, Arbitration.

Where the terms of a separation agreement were incorporated by
    reference in a divorce decree, a provision in the agreement for
    arbitration of disputes did not preclude resort to the Probate Court
    for enforcement or modification of the alimony and child support
    provisions of the decree. [234-235]

TWO CIVIL ACTIONS commenced in the Probate Court for
the county of Norfolk on November 9, 1977, and December 13, 1977, respectively.

A motion to stay proceedings was heard by *Podolski*,
C.J., and the matter was reported by him to the Appeals
Court.

*Julian T. Houston* for the defendant.

*Edward M. Mahlowitz* for the plaintiff.

ARMSTRONG, J. The parties were granted a decree nisi
of divorce on November 1, 1973, the decree making provision for alimony and child support by incorporating in
the decree, by reference, a separation agreement which
had been previously executed by the parties. The agreement contained a clause which we shall assume, for purposes of decision, required submission to arbitration of
any dispute arising out of or in connection with the agreement.[1] In November, 1977, the wife brought the present

[1] The clause read in part: "In the event of any dispute or misunderstanding arising out of or in connection with this [a]greement, as
between the [h]usband and [w]ife, a readjustment in payments, either
temporary or permanent, appears to either party to be warranted,

action for the purpose of having the husband found to be in contempt of the decree, alleging in part that the husband had terminated alimony and child support payments altogether after August, 1977. The husband filed a complaint for modification of his support and alimony obligations and a motion to stay both the contempt action and the modification action until the disputes involved in both actions should be resolved by arbitration. The judge denied the stay but reported to this court (see Mass.R. Dom. Rel.P. 64 [1975]) the question of the correctness of that ruling.

The judge did not err in denying the motion for a stay. The decree nisi, by virtue of its incorporation of the terms of the separation agreement, imposed on the husband obligations for the payment of alimony and child support parallel to those of the agreement, *Knox* v. *Remick*, 371 Mass. 433, 434 (1976), and the contempt and modification actions were both concerned solely with the obligations imposed by the decree and not those imposed by the agreement. The decree provided that its provisions relative to alimony and child support were to stand "until the further order of the court," and the Probate Court had continuing power under G. L. c. 208, § 37, to modify those provisions. *Salvesen* v. *Salvesen*, 370 Mass. 608, 610-611 (1976). The portion of the decree which called for arbitration was thus subject to modification or elimination by the court; and it is settled that the court's power of modification under G. L. c. 208, § 37, may be exercised as to both future and past obligations and may be exercised not only

such dispute, misunderstanding or proposed readjustment shall be referred to and settled by the [t]rustee, and if the [t]rustee cannot settle the matter, it may be referred by him to some properly qualified and experienced third party acceptable to him, and the decision of the two shall be binding and conclusive on the parties." As something is wrong with the syntax, the clause is subject to differing interpretations by the parties. It is unnecessary to determine the correct interpretation at this time, although it may be necessary later should either of the parties commence litigation to enforce the agreement.

in a proceeding for modification but also in a proceeding for contempt. *Watts* v. *Watts*, 314 Mass. 129, 133 (1943). See *Cohen* v. *Murphy*, 368 Mass. 144, 147 (1975). It follows that the provision for arbitration of disputes, assuming it to have been validly incorporated in the decree nisi, could not have the effect of precluding resort to the Probate Court for enforcement or modification of the alimony and child support provisions of the decree. Any other result would enable a judge, by inserting or incorporating an arbitration provision in the judgment, to divest the court of the power given it by G. L. c. 208, § 37, to modify orders for alimony and child support as conditions necessitate.

In view of the judge's refusal of the stay, we need not consider whether a decision to enforce an arbitration provision in circumstances such as those here presented would constitute error of law or abuse of discretion.

The case is remanded for further proceedings consistent with this opinion.

*So ordered.*