GEORGE F. GUSTIN vs. MARILYN A. GUSTIN.

Middlesex. April 5, 1995. — July 25, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Divorce and Separation,* Division of property, Attorney's fees. *Probate Court,* Divorce, Judicial discretion.

A probate judge cannot delegate his authority and obligation under G. L. c. 208, § 34, to make a fair and equitable division of property in a divorce proceeding by ordering the parties to submit to binding arbitration with respect to the division of assets upon which the parties could not agree: the judge may, however, order the dispute be submitted to a court-related intermediary who would make a recommendation to the judge before the judge issued a final order. [857-858]

No basis appeared in an appeal from an order of a probate judge in a divorce proceeding for an award to one party of attorney's fees for the appeal. [858]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on December 1, 1992.

The case was heard by *James M. Sweeney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert Graves* for Marilyn A. Gustin.

*Bruce W. Warren (Richard T. Bromby* with him) for George F. Gustin.

LIACOS, C.J. George F. Gustin (husband) filed a complaint for divorce in the Middlesex Division of the Probate and Family Court, alleging cruel and abusive treatment. Marilyn A. Gustin (wife) filed an answer and counterclaim for divorce also alleging cruel and abusive treatment. The husband later amended his complaint to allege irretrievable breakdown of the marriage. A judge of the Probate Court issued a judgment of divorce nisi on October 26, 1993, which made

provisions for the division of marital assets and deferred the issue of alimony. The wife appealed to the Appeals Court, raising issues relating to the division of assets and the payment of alimony. We transferred the case here on our own motion.

The facts found by the judge are these. The husband and wife were married in 1961, and last lived together in October, 1992, at their home in Burlington, owned by them as tenants by the entirety. The couple has two emancipated children. At the time of trial, both spouses were fifty-four years old. Although the Gustins had a successful marriage for the first ten years, problems between them began to develop. The marriage eventually broke down and became irretrievably so. The husband moved out of the marital home, which the wife continued to occupy.

During their marriage, the husband had several different manual jobs and began a forklift repair business in 1976. He also worked part-time at another job while operating the fork lift business. At the time of trial, the husband was unemployed. The wife was the bookkeeper for the forklift business and also had a number of other part-time jobs at various times. At the time of trial, the wife was employed as a customer service billing clerk at Brownell Electro Inc. The wife was the primary homemaker and had been primarily responsible for raising their two children. The couple enjoyed a middle class lifestyle. At the time of trial, the wife was in good physical health, but suffered mental health problems. The husband had torn the rotator cuff in his right shoulder and was recovering from surgery. He was unable to work at the time of trial, but the judge found that he would be employable on recovery.[1] The judge found that the wife should

---

[1] The wife asserted at trial, through the testimony of a private investigator, that the husband was able to work. After the trial, she sought to "reopen" the case, claiming she had new evidence that the husband could, and was in fact, working. In his judgment, issued after this motion, the Probate Court judge deferred ruling on the issue of alimony until the husband became "fully employed."

The wife asserts error in the judge's not awarding alimony to her and in not reopening the trial to hear evidence on whether the husband was work-

continue to earn income at her present level, and that the husband would have income potential when he recovered. Both parties were found to have limited opportunity to acquire assets in the future.

Concluding that the Gustins' marriage had irretrievably broken down, G. L. c. 208, § 1B (1994 ed.), the judge entered a judgment of divorce nisi on October 26, 1993. Having made findings regarding the factors listed in G. L. c. 208, § 34 (1994 ed.), the judge divided the property of the couple between them. The part of that disposition which concerns us is the judge's order that the couple themselves divide their personal household property, and if they could not reach an agreement, that they must submit the matter to the Middlesex County Probate Court family service office for binding arbitration.[2]

The wife contends that the Probate Court judge erred in ordering the couple to submit the matter of the division of

---

ing. An award of alimony depends on the circumstances of the case and on the needs of the recipient and the ability of the supporting spouse to pay, and the judge has considerable discretion in making, or deferring, such award. G. L. c. 208, § 34 (1994 ed.). *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623-624 (1986). See *Keller* v. *O'Brien, ante* 820 (1995). The judge was well within his discretion in deferring the matter of alimony until the husband is fully employed. Indeed, the judge suggested in his order that the wife might be entitled to receive alimony payments should the husband become employed. The wife is not foreclosed from filing a motion regarding support at the appropriate time. See G. L. c. 208, § 37 (1994 ed.).

[2] The wife makes various claims that the judge did not fairly and equitably divide the marital estate, including the house. Having reviewed the judge's findings and the record in this case, we conclude that the judge acted within his discretion in making an equitable division of the property, including his disposition regarding the marital home. The judge has broad discretion in dealing with the assets of the couple provided that he considers the factors listed in G. L. c. 208, § 34. *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). The judge clearly considered the relevant factors and explained his rationale for the division of the property. His order was not plainly wrong or excessive. *Id.* at 402.

As for the wife's claim that the judge improperly prohibited her from testifying to the value of certain property used in the husband's business, we cannot say that the judge abused his discretion in not allowing her so to testify. See *Menici* v. *Orton Crane & Shovel Co.*, 285 Mass. 499, 503-505 (1934).

household property to binding arbitration if they could not reach an agreement as to its division.

General Laws c. 208, § 34, confers on a judge of the Probate Court the authority to divide the assets of a divorcing couple, and Probate Court judges have substantial discretion in making this division. *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). Nevertheless, a judge typically cannot order parties to a dispute to submit that dispute to binding arbitration unless the parties agree to do so. See *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional Sch. Dist. Comm.*, 398 Mass. 695, 698 (1986) (labor dispute); *Rae F. Gill, P.C.* v. *DiGiovanni*, 34 Mass. App. Ct. 498, 501, 503-504 (1993) (separation agreement); *Computer Corp. of Am.* v. *Zarecor*, 16 Mass. App. Ct. 456, 459 (1983) (commercial contract dispute). See also G. L. c. 251 (1994 ed.).

We believe that, given the broad discretion conferred on the Probate Court in matters of property division, and in light of the overwhelming number and complexity of cases brought before that court, a judge may require the parties to a divorce proceeding to submit their property dispute to a court-related or appointed intermediary who would then make a recommendation to the judge. Referring the division of household property to an intermediary for recommendation purposes seems to be a permissible exercise of the judge's discretion. See Mass. R. Dom. Rel. P. 53 (1995); Rules 22, 23, and 24 of the Rules of the Probate Court (1995). The value of household furniture and furnishings is, in many cases, largely sentimental and nostalgic. This type of referral would provide the parties with an opportunity to discuss fully the personal value of their assets with a disinterested person and with each other, and would relieve the court of the time-consuming effort involved in determining such details.

Absent an agreement of the parties, by stipulation or otherwise, the role of the intermediary, however, should be limited to hearing the matter and making a recommendation to the Probate Court judge. The judge, who has the authority, and the obligation, under G. L. c. 208, § 34, to make a fair

and equitable division of property, must promulgate the final, and binding, disposition of the property consistent with the terms of that statute. The judge cannot delegate this duty.

In this case, the judge ordered the parties to try to divide the household property themselves, and if they could not do so, then to submit to binding arbitration. On remand, if the parties cannot reach an agreement as to the division of property, the judge may order them to submit the dispute to a court-related intermediary. That intermediary should then make a recommendation to the judge for the division of the property, and the judge should issue the final order, taking into consideration the factors listed in G. L. c. 208, § 34.

We address briefly a final matter. The husband requests that we award him attorney's fees for this appeal. In the conclusion of his brief, the husband urges us to do so "[f]or the reasons and grounds [therein stated,]" yet we find no such statement of reasons or grounds in his brief. We need not consider this request. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Mass. R. A. P. 16 (b), as appearing in 411 Mass. 1602 (1992). Moreover, the wife's appeal was not frivolous, Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), and we see no other basis for an award of attorney's fees in this case.

The part of the judgment which requires the parties to submit to binding arbitration the dispute that may arise as to the division of household property is vacated. The remainder of the judgment is affirmed. The husband's request for attorney's fees is denied. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*