JOHN M. REYNOLDS *vs.* ANNE WHITMAN.

No. 94-P-1233.

Middlesex. September 15, 1995. - April 24, 1996.

Present: PORADA, IRELAND, & GREENBERG, JJ.

*Arbitration,* Divorce and separation. *Divorce and Separation,* Arbitration, Separation agreement, Alimony, Division of property.

In a divorce proceeding, the parties' negotiated voluntary agreement to arbitrate certain contested matters, which was executed contemporaneously with a settlement agreement and which was by its terms reviewable as to fairness and reasonableness by the Probate Court, was valid, binding, and enforceable and was not contrary to public policy. [316-318]

In a divorce proceeding, a probate judge correctly confirmed the decision of an arbitrator pursuant to the parties' voluntary agreement to submit contested issues to binding arbitration where no reason appeared under the terms of the submission or applicable statutes to vacate or modify the award. [318-319]

In a divorce proceeding in which the issue of alimony was voluntarily submitted to binding arbitration, there was no merit to the husband's claim that the arbitrator failed to take into account the effect an award of alimony might have in the future on the husband's ability to support and educate the minor child where, pursuant to the parties' settlement agreement merged in the judgment, the issue of alimony would be properly addressed by a complaint for modification in the event of a change of circumstances. [319-320]

In a divorce proceeding, there was no support in the record for the husband's claim that the arbitrator exceeded his powers with respect to an award to the wife of a portion of certain distributions to the husband from a trust fund. [320-321]

There was no merit to an unsuccessful litigant's claim that a probate judge failed to make an independent determination of the fairness and reasonableness of an arbitrator's award solely because the judge did not conduct an evidentiary hearing before confirming the award. [321]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on September 19, 1989.

The case was heard by *Edward M. Ginsburg,* J.

*W. Hugh M. Morton* for the plaintiff.

*Gerald L. Nissenbaum* for the defendant.

GREENBERG, J. Of nine orders comprising a divorce judgment nisi, the husband appeals from two: (1) payment to his wife of one-third of the distributions made by the Four Brothers Trust for his benefit as part of an equitable distribution of marital assets; and (2) payment of alimony of $4,000 per month. Concerning the order to pay alimony, the husband argues that it impairs his ability to discharge his responsibilities to provide support for his daughter, the sole child of the marriage. There is an important threshold issue: whether alimony and child support were properly made the subjects of voluntary and binding arbitration pursuant to a separation agreement. As to that issue, the husband argues that arbitration of domestic disputes between former spouses regarding alimony and child support is not permissible as matter of public policy and, therefore, the arbitration clause in their separation agreement should not be enforced. We decide that it is enforceable. The husband also argues that the arbitrator's award (the basis for the portions of the judgment to which he objects) was erroneous and should be overturned. We think the arbitration award was rightly confirmed.

Before resort to arbitration, the parties were able to resolve in protracted negotiations many of the issues related to their divorce. Their detailed settlement agreement (all provisions were incorporated or merged in the judgment) memorialized their accord and dealt with equitable distribution of marital assets, alimony, child custody and support. By its terms, an arbitrator was designated to decide several contested matters including the amount of alimony, child support, and the husband's interest in a family trust for purposes of division pursuant to G. L. c. 208, § 34. A separate "Arbitration Agreement" was executed contemporaneously with the settlement agreement: both parties contemplated that the arbitrator's award would be final and binding, "unless modified by the Probate Court."

1. *Enforceability of the arbitration agreement.*

Arbitration as a method of resolving conflicts between divorcing parties has been addressed by the Supreme Judicial Court in two cases. In *Kutz* v. *Kutz*, 369 Mass. 969, 970 (1976), the court applied an arbitration clause that it determined to be broad enough to cover conflicts or disagree-

ments arising out of "performance" of the agreement as well as "meaning" or "interpretation." That agreement required the husband to reimburse the wife for food and household supplies. The husband in *Kutz* argued that the arbitrators exceeded their powers by, in effect, modifying one of the terms of the parties' separation agreement. The court said that the arbitrators did not exceed their powers by modifying the separation agreement to require the husband to pay a fixed monthly amount for household expenses.

In a somewhat different context, *Gustin* v. *Gustin*, 420 Mass. 854 (1995), the court held that a Probate Court judge cannot delegate his authority under G. L. c. 208, § 34, to make a fair and equitable division of assets by ordering the parties to submit to binding arbitration with respect to division of assets upon which they cannot agree. However, the court, in dictum, observed that, "given the broad discretion conferred on the Probate Court in matters of property division, and in light of the overwhelming number and complexity of cases brought before that court, a judge may require the parties to a divorce proceeding to submit their property dispute to a court-related or appointed intermediary, who would then make a recommendation to the judge." *Id*. at 857.

Other State courts favor voluntary arbitration clauses to settle matrimonial disputes. See *Faherty* v. *Faherty*, 97 N.J. 99, 106-107 (1984); *Levine* v. *Wiss & Co.*, 97 N.J. 242 (1984), and cases cited. The position taken in those cases is that so long as a judge retains the authority to review independently the arbitration award, there is no policy reason that bars submitting disputes arising out of settlement agreements to binding arbitration. See *Masters* v. *Masters*, 201 Conn. 50 (1986).

Provision for arbitration of disputes in a separation agreement "could not have the effect of precluding resort to the Probate Court for enforcement or modification of the alimony and child support provisions of the decree." *Bloksberg* v. *Bloksberg*, 7 Mass. App. Ct. 233, 235 (1979). In this case there is no indication that the judge thought otherwise. Instead, what he did was to review the arbitration award to be certain that its provisions relative to alimony and division of marital property were fair and reasonable.

Here, the parties went to the trouble of negotiating and signing agreements that called for arbitration of contested

matters. Both were represented by competent and experienced counsel and there is no allegation that the agreements were the product of fraud or coercion. See *Adoption of Derrick*, 415 Mass. 439, 441-442 (1993); *Chase Commercial Corp.* v. *Owen*, 32 Mass. App. Ct. 248, 254 (1992). Both spouses agreed to the arbitration. The agreements did not strip the judge of nondelegable supervisory functions.

One party, now dissatisfied with the arbitrator's decision, is hardly in a position to complain that the agreement runs counter to public policy. Since the parties may settle support rights and obligations by contract, there is no policy reason to prohibit arbitration of disputes. See Comment, The Enforceability of Arbitration Clauses in North Carolina Separation Agreements, 15 Wake Forest L. Rev. 487, 490 (1979).[1] Rather than discouraging arbitration of domestic disputes, the cases support it. Arbitration may offer a more efficient resolution of the dispute, reduce court congestion, and minimize the acrimony that often occurs with divorcing parties. Any award must, of course, be subject to review by the judge, who has the authority, and the obligation under G. L. c. 208, § 34, to make a fair and equitable distribution of property.

2. *Validity of the award of alimony and division of the husband's interest in the Four Brother's Trust.*

(a) *Procedural issue.* There have been arguments in this case about the effect of the arbitrator's award because the husband's motion to vacate missed the thirty-day limitation contained in the arbitration statute (G. L. c. 251, § 13). See *Quirk* v. *Data Terminal Sys., Inc.*, 394 Mass. 334, 339-340 (1985). The wife claims that review of the award by the judge was foreclosed because the husband missed the deadline. By its own terms, the arbitration agreement generally incorporated the provisions of G. L. c. 251 (the Uniform Arbitration Act). But the agreement also provided that the arbitration proceedings were to be governed by the parties' own attached "Matrimonial Arbitration Rules for Financial Issues" that did not contain any time limits for judicial review.

The arbitrator, a former probate judge, issued his final

---

[1]See *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980), where the court held that "[t]he purpose of G. L. c. 251 governing arbitration is to provide further speedy resolution of disputes by a method which is 'not subject to delay and obstruction in the courts' " (citation omitted).

award on October 7, 1993. Forty-one days later, on November 17, the wife moved to confirm the award, triggering the husband's opposition which took the form of a motion to vacate the award filed on November 22, 1993.

When the issue was raised below, it was assumed by the judge that the wife was correct: i.e., that the court was without power to review the husband's application. Despite this ruling, the judge went on to review the award so that the assumption has no bearing on the outcome of the case. Therefore, it is not necessary to a decision in this appeal to discuss the issue.

Cross motions to confirm and vacate or modify the award were presented to the judge. After two separate days of hearings, he confirmed the award. Neither party presented any witnesses and the judge relied on documentary evidence. We have a transcript of arguments made on the motions and we must decide whether the judge's determination was correct. The arbitrator, under the agreement, was not required to make findings of fact. However, in this case the rights of the parties were adequately protected because the judge made extensive findings of fact and rulings of law on the contested matters at the conclusion of the hearing. His findings and rulings show that he paid meticulous attention to the arguments made by the parties. In this case, "the [S]tate's interest in the welfare of the [child] has been protected and there is no public policy reason to subject the award to de novo review." *Faherty* v. *Faherty*, 97 N.J. at 111.

(b) *The alimony award.* The husband argues that the arbitrator failed to take into account the adverse effect the award of alimony might have, in the future, on the husband's ability to support and educate the minor child. The agreement, however, casts doubt on that proposition. It provides for adjustment of alimony and child support under certain circumstances. The husband, aged forty-five, is a lawyer and successful investment advisor. The wife, one year younger, holds a graduate degree and presently derives her income exclusively from investments. Because of temporary disability, she is unable to care for their minor child. On that account, the wife receives additional disability benefits from the United States. The parties recognized that the husband's ability to meet his spousal support obligations under the agreement and maintain primary custody of the minor child was

contingent upon his maintaining the same level of income as earned prior to the settlement agreement. To avoid the possibly unjust consequences of requiring the husband to support the wife and child in years when his income may diminish, paragraph 3 in the "General Provisions" of the separation agreement provides that "the provisions of [the] agreement relating to physical possession of the child, child support, alimony for the wife, and medical insurance [be] merged into and become part of the nisi and absolute judgments of divorce and thereafter be modifiable upon a showing of substantial change in circumstances." See *Parrish* v. *Parrish*, 30 Mass. App. Ct. 78, 82 (1991).

(c) *The division of the husband's interest in the trust.* Section 12 of G. L. c. 251, as amended by St. 1972, c. 200, sets out five grounds for applications to vacate awards. The husband bases his claim on one ground: the arbitrator exceeded his powers by awarding the wife a one-third interest of his shares in the family trust. He claims, with no reference to the express language of the arbitration agreement, that in making an equitable division, the arbitrator was limited to ascertaining the appreciation of the shares during the marriage.

According to their separation agreement, the arbitrator was to determine "the amount to be paid by [the] husband" from his present interest in the trust, in the event the wife declined a lump sum payment. The arbitrator gave the wife one-third of "whatever amounts [the trust] pays to or on behalf of the Husband, when, as and if paid." The husband's argument that the arbitrator exceeded his powers rests on the assumption that the arbitrator did not determine the value of the appreciation of the husband's interest during the term of the marriage. Nothing in the agreement to arbitrate this issue supports the husband's contention. On this limited record, we will not presume that the arbitrator did other than pursue the submission and decide the narrow matter submitted to him. See *Fazio* v. *Employer's Liab. Assur. Corp.*, 347 Mass. 254, 257 (1964).

Our decision in *Comins* v. *Comins*, 33 Mass. App. Ct. 28, 30-31 (1992), is apposite. In that case, a wife's interest in a family trust established by her father before marriage was properly included in the marital estate subject to distribution under G. L. c. 208, § 34. If the parties intended, as the

husband argues, to apportion only the value of the husband's appreciated interest in the trust that occurred during the marriage, the agreement fails to reflect that notion. As we noted in *Grobet File Co.* v. *RTC Sys., Inc.,* 26 Mass. App. Ct. 132, 134, 135 (1988), in an arbitration contract "limiting boundaries . . . must be set forth with clarity, and the limiting words must be plain."

3. *Failure to conduct an evidentiary hearing.*

The husband protests that the Probate Court judge failed to conduct an evidentiary hearing before confirming the award and thus failed to make an independent determination of the fairness and reasonableness of the award. The argument is spurious. Our review of the transcripts indicates that the judge gave the husband's counsel ample opportunity to address the issue of reasonableness. All of the financial statements and other written materials germane to the financial issues, decided by the arbitrator, were submitted by agreement to the judge. There was no need to conduct an evidentiary hearing in these circumstances. His findings have support in the record and are consistent with the approach suggested in *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 92 (1984).

*Judgment affirmed.*