STACEY SMITH-CLARKE *vs.* ROBERT S. CLARKE.

No. 96-P-0251.

Suffolk. January 30, 1997. - March 12, 1998.

. Present: ARMSTRONG, GILLERMAN, & LENK, JJ.

*Divorce and Separation,* Child support, Modification of judgment. *Parent and Child,* Child support.

A Probate Court judge was without authority to order, in connection with a complaint for modification of child support, retroactive modification of the husband's child support obligations for any period preceding the date on which the complaint for modification was filed. [405-406]

No error was shown in a Probate Court judge's calculation of a husband's current gross income for purposes of modification of child support obligations. [406-407]

An order of child support was remanded for a minor adjustment to reflect a credit for the cost of the children's health insurance and to reconsider the award of attorney's fees to the wife. [407]

COMPLAINT for divorce filed in the Suffolk Division of the Probate and Family Court Department on April 28, 1986.

A complaint for modification, filed on October 5, 1994, was heard by *Jeremy A. Stahlin,* J.

*David E. Cherny (Matthew W. Perkins* with him) for Robert S. Clarke.

*Stacey Smith,* pro se.

ARMSTRONG, J. The parties were married in 1982 and had two sons, who were ten and twelve years of age, respectively, when the present matter was heard. A separation agreement in late 1986 and the ensuing judgment of divorce in 1987 fixed child support, payable weekly by the husband to the wife (who had custody), at $90 per week. A modification in 1989, entered in a contempt action, reduced the weekly child support to $60 per week. The amount was paid for the next five years.

On October 5, 1994, the wife filed a complaint for modification of the child support and showed, at trial, that the husband,

from 1991 onward, had been earning income at levels substantially higher than the income upon which the support order was predicated in 1989. The additional income, the judge found, was camouflaged as business income, with the business paying for somewhat lavish personal expenses as if they were expenses of the business. The judge, contrasting the wife's very modest life-style to the husband's, and applying the child support guidelines to the husband's actual income (as found by the judge), in March, 1995, raised the weekly child support order to $300 per week, effective January 1, 1994. In addition, the judge applied the child support guidelines to the income he found the husband to have earned in the years 1991, 1992, and 1993, computing arrearages at a total from January 1, 1991, to the date of judgment, at $78,636. This amount was ordered paid by wage assignment, at the rate of $75 per week, in addition to the modified $300 per week order.

The judgment, insofar as it modified the husband's child support obligation retroactively for a period preceding the date the modification complaint was filed, cannot stand. The judge cited as authority for the modification G. L. c. 208, § 37,[1] as interpreted in *Watts* v. *Watts*, 314 Mass. 129, 133 (1943), and *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 760-761 (1979), to permit a judge to order modifications retroactively as well as prospectively. See *Bloksberg* v. *Bloksberg*, 7 Mass. App. Ct. 233, 234-235 (1979) ("court's power of modification under § 37 may be exercised as to both future and past obligations").[2]

These decisions preceded the insertion of G. L. c. 119A, § 13(*a*), by St. 1987, c. 714, § 1. The chapter concerns the enforcement of child support orders; it designated the Commonwealth's Department of Revenue as the State's enforcement agency, for purposes of Title IV, Part D of the Social Security

---

[1] In relevant part: "After a judgment for . . . an . . . allowance for the . . . children, the court may, from time to time, upon the action for modification of either party, revise and alter its judgment relative to the amount of such . . . allowance . . . and may make any judgment relative thereto which it might have made in the original action."

[2] The *Watts*, *Binder*, and *Bloksberg* decisions all involved retroactive downward revisions in support orders, responding to the inability of the support-paying parent to pay arrearages. No decision has been cited by the parties ordering an *upward* revision in a support order retroactive beyond the date of the complaint. The amended G. L. c. 119A, § 13(*a*), discussed in the text, does not differentiate between modifications upward and modifications downward.

Act. The object of § 13(a) was to give support orders the final-ity of other judgments, to assist the department in its enforce-ment efforts. To this end, § 13(a) provided that a support order "[should] not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given . . . to the obligor." By that change, § 13(a) sought to shore up the enforceability of support orders, which *Binder* v. *Binder*, 7 Mass. App. Ct. at 760, quoting from *Metcalf* v. *Commissioner*, 271 F. 2d 288, 292 (1st Cir. 1959), had described as "ephemeral in that [they can] be revised downward at any time . . . ." That limitation in a court's power of modification expressly applies to support orders issued under G. L. c. 208, § 37. See G. L. c. 119A, § 13(d), as appearing in St. 1993, c. 460, § 53, and its predecessor, § 13(b), inserted by St. 1987, c. 714, § 1. It follows that the judgment modifying the husband's child support obligation must be reversed to the extent that it applies to periods before October 5, 1994, the date that the husband was given notice of the pendency of the modification proceeding.[3] Contrast *Hamilton* v. *Pappalardo*, 42 Mass. App. Ct. 471, 476-477 (1997), in which the parties' separation agreement expressly authorized the court to resolve at a later date disputes concerning the apportionment of educational expenses.

The husband's objections to the calculation of his current gross income (to which the judge applied the child support guidelines promulgated by the Chief Justice for Administration and Management) are largely without merit. The husband's lack of records substantiating claimed business expenditures and his commingling of business and personal expenditures made it reasonable for the judge to disregard certain claimed items (legal expenses, for example) or to substitute a reasonable figure for others (reducing clerical supplies, for example, from a claimed $3,842.67 to $550). The claim that the child support guidelines should be adjusted to take account of the heavier Social Security payroll deduction for a self-employed person

---

[3]Despite the husband's camouflaging his present income and expenses as business income and expenses, there was no fraud against the wife or the court. In 1989, when the $60 weekly order was set, the husband's only income was unemployment benefits. His business was started at a later date, and there was no continuing obligation on his part to report changes in his income to the wife or the court.

(12.4 percent as contrasted with 6.2 percent for employees) was not raised below and will not be considered by us on appeal. See *Edgar* v. *Edgar,* 406 Mass. 628, 629 (1990); *Kelsey* v. *Panarelli,* 5 Mass. App. Ct. 480, 481-482 (1977). Absent substantiation of 1995 income, the judge could properly assume it approximated 1994 income.

One adjustment should be made. Under the Child Support Guidelines, part II G(1) (1994), where the support-paying parent is ordered to include the child or children under a group health insurance policy, he is entitled to a credit for half of the cost in the computation of the support order. Correspondingly, where, as here, the husband has been ordered to reimburse the wife for the entire cost of the children's health insurance under her policy, he should receive a credit equal to one half of the cost. As we understand the figures from the record, this would amount to a reduction of $25 per week.

The additional payment ordered for the wife's attorney's fee is not supported by findings, although there is a suggestion in the record that the judge may have seen records from the wife's attorney showing hours worked and normal rates of compensation. See *Edinburg* v. *Edinburg,* 22 Mass. App. Ct. 192, 198 (1986). These records were not included in the record appendix. The attorney's fee should be reconsidered in any event, to take account of the husband's success in eliminating the greater part of the arrearages in this appeal. See *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569 (1933); *Robbins* v. *Robbins,* 19 Mass. App. Ct. 538, 543 (1985).

The judgment is vacated. A new judgment is to be entered eliminating arrearages prior to October 5, 1994, and recalculating the current support order to take account of the husband's contribution to health insurance for the sons. The order for payment of the wife's attorney's fee is to be reconsidered in light of this opinion.

*So ordered.*