*845 After the divorce, the mother was approved for Social Security Disability Income (SSDI) benefits. The mother receives monthly disability benefits for herself, and an additional monthly payment on behalf of the child (SSDI dependency benefits). On May 4, 2012, the father filed a complaint for modification asserting that his child support obligation should be reduced because his business income had declined significantly since the divorce. On May 15, 2013, following a trial held in March of 2013, the judge made findings that calculated each party’s income, applied the Massachusetts Child Support Guidelines (2009) (guidelines) to those levels of income, and issued a judgment of modification reducing the father’s child support obligation. The judgment was based both on the father’s reduced business income and on the increase in the mother’s income resulting from the SSDI benefits she received for herself and the SSDI dependency benefits received on behalf of the child.[1] The judge declined to give the father a credit for the SSDI dependency benefits paid on behalf of the child to further reduce his support obligation. The father filed this timely appeal from the amended modification judgment.[2]
Discussion. The father asserts that the judge’s refusal to give him a dollar-for-dollar credit for the amount of SSDI dependency benefits paid on behalf of the child was error. Specifically, the father argues that Rosenberg v. Merida, 428 Mass. 182, 185-186 (1998) (Rosenberg), and certain provisions in the guidelines[3] dictate that he receive a credit against the amount of child support owed under the guidelines for the amount of the SSDI dependency benefits paid to the mother on behalf of the child. We disagree.
In Rosenberg the Supreme Judicial Court considered, as a matter of first impression, whether a noncustodial parent receiving SSDI benefits should receive a credit for the amount of SSDI dependency benefits paid to the custodial parent on behalf of the child. The court adopted the position of the majority of States to have considered the issue and held that the noncustodial parent should receive a credit under such circumstances because “the child’s entitlement to payments derives from the [noncustodial] parent, and the payments themselves represent earnings from the [noncustodial] parent’s past Contributions.” Id. at 186, quoting from Miller v. Miller, 890 P.2d 574, 576-577 (Alaska 1995).
This case presents the inverse factual scenario. Here, it is the custodial mother who receives SSDI benefits. We conclude that the judge correctly at *846 tributed the combined SSDI benefits to the mother as gross income in calculating, and thus reducing, the father’s child support obligation under the guidelines. See id. at 185. We disagree with the father, however, that he was then entitled to a further reduction of his support obligation by application of a dollar-for-dollar credit equal to the amount of the SSDI dependency benefits. Such a credit is appropriate where it is the noncustodial parent who receives SSDI benefits because the inclusion of the child’s SSDI dependency benefits in the noncustodial parent’s gross income results in an increased child support obligation under the guidelines. See id. at 187. Here, the inclusion of the SSDI dependency benefits in the custodial mother’s gross income produced the opposite result: a reduction in the amount of support owed by the noncustodial father. The father was not entitled to a further reduction of his support obligation where, as here, the “entitlement to payments derives” not from his disability or past contributions, but from the mother’s. Id. at 186.
Seth G. Roman for Robert Schmidt.
Sandra McCulloch-Schmidt, pro se.

Amended modification judgment affirmed.

The judge found that the mother’s income is based exclusively on the combined total SSDI benefits she receives for herself and the child, and that the mother has no other source of income.

The amended modification judgment, dated July 30, 2013, does not alter the original modification judgment with regard to the issues raised in this appeal.

The father relies on footnote 1 of the guidelines, which was drafted in response to Rosenberg, supra, and specifically cites that decision. We conclude that the footnote addresses the effect on support payments where, unlike here, the child’s entitlement to SSDI dependency benefits is based on the noncustodial parent’s receipt of SSDI benefits.