NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-448                                        Appeals Court


LORA ANN GRAVLIN  vs.  DAVID E. GRAVLIN, JR.


No. 15-P-448.

Middlesex.    March 1, 2016. - May 5, 2016.

Present:  Trainor, Meade, & Blake, JJ.


Divorce and Separation, Child support, Modification of judgment.
    Arbitration, Divorce and separation, Confirmation of award.
    Parent and Child, Child support.



Complaint for divorce filed in the Middlesex Division of
the Probate and Family Court Department on May 16, 2011.

A motion to confirm an arbitration award on complaints for
modification and contempt was heard by Patricia A. Gorman, J.


Floyd H. Anderson for the husband.
Lora Ann Fickett, pro se.


BLAKE, J.  The husband, David E. Gravlin, Jr., appeals from

four Probate and Family Court judgments dated April 16, 2014,

that issued following the confirmation of an original and an

amended arbitration award in favor of the wife, Lora Ann

Gravlin.[1]  He argues that the judge improperly delegated her authority by allowing the parties' joint motion to submit their pending complaints to binding arbitration, and abused her discretion in entering judgments based on the arbitrator's award.  We affirm.

Background.  The parties executed a separation agreement (agreement) on October 17, 2011, which was incorporated and merged in a judgment of divorce nisi on November 17, 2011.  The agreement provides, in pertinent part, that David is to pay Lora Ann $750 per week as child support for the support of their three minor children.  The agreement explains that "[t]his amount exceeds the amount of support required pursuant to the child support guidelines currently in effect, and is reflective of the parties' shared desire to maintain the marital home for the benefit of the children."

On October 9, 2012, David filed a complaint for modification seeking to reduce his child support obligation.  In support of his complaint, David alleged the following change of circumstances:

> "1.  [David] has experienced a major loss of income and the said child support order is therefore now inconsistent with the child support guidelines even if [Lora Ann] is considered to be the primary custodial parent.

---

[1] As the parties share a surname, we shall use their first names for ease of reference.

> 2. The co-parenting schedule actually being carried out by the parties since said divorce judgment is consistent with equally shared physical custody and therefore [David] asserts that child support should be modified based on that schedule as well."

Lora Ann filed both an answer denying the change in circumstances alleged and a counterclaim for modification seeking an order requiring David to pay one half of the cost of the children's extracurricular activities, equipment, and school fees. Over the span of about one year, she also filed multiple complaints for contempt alleging, among other things, that David was in arrears on his child support obligation. David filed answers to those complaints claiming that Lora Ann was not entitled to the requested relief.

On January 21, 2014, the parties, both represented by counsel, filed a joint motion to submit all pending complaints to binding arbitration.[2] It provides: "The parties agree to waive their right to trial on these issues and stipulate that the arbitrator's decision will be binding upon them and will not be subject to appeal." The parties further agreed upon the attorney who would serve as the arbitrator and that they would equally share the expense of the arbitration. The motion was allowed the same day. In a margin notation, the judge removed

---

[2] The pending complaints included David's complaint for modification filed October 9, 2012, and Lora Ann's counterclaim for modification and four complaints for contempt filed February 28, 2013, April 3, 2013, July 5, 2013, and November 18, 2013.

the trial date scheduled for March 6, 2014.  On February 27, 2014, the parties executed an arbitration and fee agreement (arbitration agreement), which was also signed by the arbitrator.  It restates that the parties are bound by their court-approved joint motion to submit the pending complaints to binding arbitration.[3]

A hearing before the arbitrator was held on February 27, 2014, after which he issued a decision and award dated March 14, 2014, in which he denied David's complaint for modification; dismissed Lora Ann's counterclaim for modification and complaint for contempt filed July 5, 2013; and found David in contempt pursuant to Lora Ann's complaints filed February 28, 2013, April 3, 2013, and November 18, 2013.  David moved to reconsider.  In response, the arbitrator denied the motion and issued an amended arbitration decision and award dated April 14, 2014, in which he amended his award on the complaint for contempt dated November 18, 2013.  Thereafter, the same judge issued an order setting forth the terms of the original and the amended arbitration decision and award, and issued judgments accordingly.[4]  In

---

[3] The arbitration agreement also describes the complaints to be addressed, the process to be used, and the hourly rate and retainer of the arbitrator.

[4] The Probate and Family Court docket does not reflect the filing of an opposition to the original or the amended arbitration decision and award.  It is unclear to this court

pertinent part, David's complaint for modification was dismissed with prejudice.  This appeal followed.[5,6]

Discussion.  1.  Delegation of judicial authority.  As a threshold matter, arbitration has long been recognized as a valid means of resolving disputes between divorcing parties. See Kutz v. Kutz, 369 Mass. 969, 970 (1976); Reynolds v. Whitman, 40 Mass. App. Ct. 315, 316-317 (1996).  A judge may not, however, order parties to submit to binding arbitration absent their agreement, as such an order would be an improper delegation of the judge's authority under G. L. c. 208, § 34. See Gustin v. Gustin, 420 Mass. 854, 857 (1995) ("a judge typically cannot order parties to a dispute to submit that dispute to binding arbitration unless the parties agree to do so").[7]  Indeed, this court and the Supreme Judicial Court have

what transpired at the hearing held on April 16, 2014, scheduled at the parties' request, because no transcript was provided.

[5] In his notice of appeal, David specified that he was appealing the judgments regarding his complaint for modification filed October 9, 2012, and Lora Ann's complaints for contempt filed February 28, 2013, April 3, 2013, and November 18, 2013.

[6] To the extent that David's brief contains claims regarding proceedings that were subsequent to the filing of his notice of appeal, we do not consider them.

[7] The court in Gustin v. Gustin held that to preserve judicial resources, a judge to a divorce proceeding may order the parties, without their agreement, to submit the division of household property to an intermediary, whose recommendation would then be subject to the judge's approval.  Gustin v. Gustin, supra at 857-858.

repeatedly held that a judge may not compel an unwilling party to submit to a nonjudicial third-party decision-making authority.  See Bower v. Bournay-Bower, 469 Mass. 690, 691 (2014) (judge may not order parties to submit resolution of conflict to a parent coordinator); Ventrice v. Ventrice, 87 Mass. App. Ct. 190, 193-194 (2015) (judge may not order parties to a divorce proceeding to engage in out-of-court mediation, without their consent and at their own expense, prior to filing subsequent actions in court).

The facts of this case set it well apart from those cited supra, wherein parties were unwillingly compelled to redress their complaints outside of the courts.  Here, it is undisputed that with the advice of counsel, and with no challenge to the validity of the agreement to arbitrate, the parties agreed to remove their case from consideration by a judge of the Probate and Family Court and have it decided through binding arbitration.  When such an agreement exists, no improper delegation of a judge's authority follows.[8]

---

[8] The case of Bloksberg v. Bloksberg, 7 Mass. App. Ct. 233, 234-235 (1979), cited by David, is consistent with our result. That case holds that an arbitration provision within a separation agreement, even "if validly incorporated in the decree nisi, could not have the effect of precluding resort to the Probate Court for enforcement or modification of the alimony and child support provisions of the decree.  Any other result would enable a judge, by inserting or incorporating an arbitration provision in the judgment, to divest the court of

2.  Confirmation of the award.  If parties do agree to resolve their disputes though binding arbitration, following the arbitrator's decision and award, the judge retains the "nondelegable duty to make the final and binding resolution of the case."  Ventrice v. Ventrice, supra at 194.  David claims that the judge abused her discretion in this regard in dismissing his complaint for modification of his child support obligation.  Specifically, he complains that the arbitrator disregarded the plain language of G. L. c. 208, § 28, failed to make findings justifying his refusal to modify the initial child support order, and used faulty reasoning rather than applying the applicable statutes and child support guidelines.

Because David did not include, as part of the record on appeal, a transcript of the proceedings wherein the judge confirmed the arbitrator's original and amended awards, he has waived this claim.  See Mass.R.App.P. 8(b)(1), as amended, 430 Mass. 1601 (1999); Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  Without such a record, we are unable to examine the

---

the power given it by G. L. c. 208, § 37, to modify orders for alimony and child support."  Bloksberg v. Bloksberg, supra at 235.  In other words, a judge may not, through the entry of a decree nisi incorporating a separation agreement, compel parties to arbitrate disputes.  The language of Bloksberg does not, however, prevent parties from agreeing to resolve their present disputes through binding arbitration.

process by which the judge reviewed the original and the amended arbitration decision and award.

Notwithstanding the waiver, however, we take this opportunity to comment upon the review of arbitration cases arising in the Probate and Family Court.  Arbitration claims arise in multiple and varied legal contexts, whether by private agreement or based in statute.  See, e.g., Boston v. Boston Police Patrolmen's Assn., 443 Mass. 813 (2005) (arbitration of collective bargaining agreements, pursuant to G. L. c. 150C); School Comm. of Lexington v. Zagaeski, 469 Mass. 104 (2014) (arbitration of teacher dismissal, pursuant to G. L. c. 71, § 42); Conway v. CLC Bio, LLC, 87 Mass. App. Ct. 503 (2015) (arbitration of commercial disputes, pursuant to G. L. c. 251). While no statute explicitly governs arbitration within the Probate and Family Court, the overarching principles governing the review of arbitration awards equally apply.[9]  Those principles generally dictate that judicial review of matters submitted to arbitration is narrow in scope.  Katz, Nannis & Solomon, P.C. v. Levine, 473  Mass. 784, 793 (2016), and cases cited.  In the context of the Massachusetts Uniform Arbitration

---

[9] In the domestic relations case of Kutz v. Kutz, the Supreme Judicial Court cited to certain sections of the Massachusetts Uniform Arbitration Act for Commercial Disputes, G. L. c. 251, but did not go further to apply that statute to arbitration matters arising in the Probate and Family Court. Kutz v. Kutz, supra at 970.

Act for Commercial Disputes, G. L. c. 251, review is confined to determining whether the arbitrator:  (1) "exceed[ed] his authority by granting relief beyond the scope of the arbitration agreement, . . . by awarding relief beyond that to which the parties bound themselves, . . . or by awarding relief prohibited by law," or (2) "decided the matter based on 'fraud, arbitrary conduct, or procedural irregularity in the hearings.'" Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass 1006, 1007 (1990), quoting from Marino v. Tagaris, 395 Mass. 397, 400 (1985).  Typically, no inquiry is made into whether the arbitrator made erroneous findings of fact or conclusions of law.  School Comm. of Lowell v. Robishaw, 456 Mass. 653, 660 (2010); Conway v. CLC Bio, LLC, supra at 505-506.  "This strict standard of review is highly deferential to the decision of an arbitrator, and it reflects a strong public policy in the Commonwealth in favor of arbitration."  School Comm. of Lexington v. Zagaeski, supra at 110, citing School Comm. of Pittsfield v. United Educators of Pittsfield, 438 Mass. 753, 758 (2003).  See Miller v. Cotter, 448 Mass. 671, 676 (2007).[10]

_____

[10] Probate and Family Court cases that are submitted, by agreement, to binding arbitration do, however, retain one unique characteristic.  Arbitration awards will never bind the parties in perpetuity as to issues of child custody, child support, or merged alimony provisions, as they remain subject to modification under the applicable standards.  The division of assets, however, survive the entry of judgment and, therefore, are not subject to modification.

Where, as here, in proceedings before the Probate and Family Court, parties freely, and with the advice of counsel, enter into arbitration agreements to resolve conflicts outside of that court, we see no reason to depart from these well-settled principles of law.  Accordingly, the judgments dated April 16, 2014, as to the complaint for modification filed October 9, 2012, and the complaints for contempt filed February 28, 2013, April 3, 2013, and November 18, 2013, are affirmed.

<u>So ordered</u>.