SHIRLEY G. GRIDLEY *vs.* MICHAEL J. BEAUSOLEIL. October 7, 1983. *Divorce and Separation,* Child support, Custody of child, Modification of judgment, Findings by judge, Contempt.

The plaintiff, Shirley G. Gridley, was divorced from the defendant, Michael J. Beausoleil, by judgment of divorce nisi entered on September 30, 1975. She appeals from three separate judgments of the Probate Court which (1) dismissed her complaint for modification (thereby denying her requests for leave to remove the two minor children of the marriage from the Commonwealth) and for additional child support; (2) modified certain provisions of the original divorce judgment to reduce the

defendant's child support obligations; and (3) dismissed her complaint for contempt. She also appeals from the denial of various post-trial motions.

1. The judge ruled that granting the plaintiff leave to remove the minor children to Virginia "would not promote . . . [their] happiness and welfare." This ruling is clearly erroneous.

The relevant evidence may be summarized as follows. The 1975 judgment of divorce gave custody of the children (two boys) to the plaintiff and they have resided with her ever since. She remarried in 1976, and has one child by her present husband. The defendant remarried in 1979, and has two stepchildren living with him. From April, 1976, until December, 1977, the plaintiff resided with her present husband and the children in Pennsylvania where her present husband was employed. During this period, the defendant continued to have visitation with the children. In December, 1977, the plaintiff returned to Massachusetts and has lived here since. Her present husband was recently transferred by his employer to Virginia. The family intends to settle in Virginia Beach. The defendant's mother and sister live in Virginia and would be available to provide contact between the children and their father and perhaps to furnish a residence for the defendant when he exercises visitation rights in Virginia. The families of the plaintiff and her present husband reside in Massachusetts near the defendant's home. The plaintiff and her present husband contemplate frequent visits to Massachusetts, especially at holidays, to see their respective families. If the move to Virginia is approved, the plaintiff proposes liberal rights of visitation for the defendant for extended periods. There was evidence that the parties' younger son, age nine, has learning disabilities and that the school system in Virginia Beach has an excellent special education program. There was also evidence that the defendant and his older son, age twelve, have become estranged, and that the son has refused to visit with his father since November, 1982. The judge did not interview either child. There was some evidence that the defendant had been lax in the past about exercising his visitation rights. In connection with a complaint for contempt filed by the defendant, the judge found that visitation rights under the 1975 judgment had not been denied or withheld, and ordered the complaint dismissed. No appeal was taken by the defendant from the judgment of dismissal. The defendant presented no evidence of any relevance to oppose the plaintiff's request for leave to remove the children.

It is apparent that the judge (who made no findings of fact on the plaintiff's request beyond the bare conclusion that the move would not be conducive to the children's happiness and welfare) failed to apply the standards, discussed in *Hale* v. *Hale,* 12 Mass. App. Ct. 812 (1981), for consideration on a motion made under G. L. c. 208, § 30. As *Hale* indicates (at 816) "general conclusions do not suffice and harm [to the children] cannot be surmised without ground level facts." A remand for findings of fact to support the judge's order is unnecessary, because the

evidence, weighed under the relevant factors described in the *Hale* decision, convincingly establishes that the plaintiff's request should have been allowed. We think in this case (and without establishing any rule for the future on the point) that the removal should take place now with details of visitation, including possible reconsideration of the defendant's support obligations to cover visitation expenses, to be settled later.

2. The plaintiff sought to modify the 1975 divorce judgment to increase the defendant's payments for child support. She also sought to hold the defendant in contempt for the alleged nonpayment of child support between 1975 and 1982. The issues involved in these proceedings became involved with the effect of a private agreement, executed by the parties on January 4, 1980, in connection with the continuance of a hearing on a contempt complaint brought by the plaintiff on November 30, 1979. This agreement made arrangements for the defendant's payment of child support arrearages due up to the filing of the 1979 contempt complaint and reduced his future child support payments from the level required by the judgment. The agreement also provided that any default in the defendant's obligations thereunder would preclude his use of the agreement as a defense to a contempt complaint.

The judge determined that the agreement was "fair, reasonable and free from fraud." He further found that all the payments required by the agreement to eliminate all the arrearages had been made, that the defendant had complied with his continuing child support obligations, and that he was then current on the child support specified by the agreement. The judge found the defendant "not in contempt." The judge then modified the 1975 divorce judgment (1) to conform the judgment's provisions on child support, and the right to claim the children as tax exemptions, to the terms of the January 4, 1980, agreement, and (2) to make new provision for medical insurance and the payment of uninsured medical bills.

The plaintiff argues that the judge improperly relied upon the January 4, 1980, agreement to modify the 1975 judgment to reduce child support and eliminate her contempt claim for arrearages. We do not agree. There was evidence to support the judge's findings with respect to the agreement and the defendant's full performance of its terms. The judge could have found that the specific defaults in the agreement's performance claimed by the plaintiff were either unproved or excused, and, on the whole, insufficient to deny the defendant the benefit of the agreement as a defense to the plaintiff's contempt action. The judge's power to modify the judgment so as to render the contempt proceedings moot is well-settled. See *Watts* v. *Watts*, 314 Mass. 129, 133 (1943); *Bloksberg* v. *Bloksberg*, 7 Mass. App. Ct. 233, 234-235 (1979).

The plaintiff also argues that the judge erred in modifying the judgment to conform future child support payments to the terms of the January 4, 1980, agreement, and in rejecting her request to increase them, or at least to restore them, to the level previously in force. The record on this

aspect of the case is most unsatisfactory. The parties presented virtually no evidence about the *present* financial needs of the children, or their own abilities to meet those needs. Current financial statements of the parties, for example, were apparently not filed. Instead of directing attention to these issues, the parties devoted their energies at trial to resolving their disagreements over removal of the children and the status of the arrearages. The only evidence of any consequence on the issue of current child support concerned the defendant's present salary and the fact that he may have incurred financial obligations in his second marriage which have no bearing on his obligation to support the children. We note that the issue of child support may now be affected by our decision that the children can be removed to Virginia. We think this aspect of the case should be considered anew, in light of the present needs and circumstances of the children and the parties, with thinking on the subject not necessarily being governed by the January 4, 1980, agreement.

3. Reversal of the judgment denying the plaintiff the right to remove the children from the Commonwealth renders it unnecessary to consider the issues raised by the plaintiff in connection with the denial of her posttrial motions.

4. The judgment dismissing the plaintiff's contempt complaint is affirmed. The judgment dismissing so much of the plaintiff's complaint for modification as sought leave, under G. L. c. 208, § 30, to remove the children from the Commonwealth is reversed and a new judgment is to be entered granting her leave to remove the children to Virginia forthwith. The judgment of modification is vacated. The case is remanded for further proceedings and the entry of a new judgment which (1) determines the proper amount of current child support, including related issues of medical insurance coverage, payment of medical bills, and the right to claim the children as tax exemptions, and (2) establishes the defendant's rights of visitation. The appeal from the denial of the posttrial motions is dismissed as moot. The plaintiff is to have the costs of appeal.

*So ordered.*

*Marian S. Lubinsky* for the plaintiff.
*James F. Gettens* for the defendant.