MARY LOU SIGNORELLI *vs.* DENNIS A. ALBANO. December 17, 1985. *Divorce and Separation*, Custody of child.

This case involves the sensitive and difficult question whether a custodial parent may remove her seven year old son from the jurisdiction. A probate judge, prior to the recent decision of *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704 (1985), held that she may not. Since it appears that the judge may not have given sufficient consideration to the "real advantage" standard set forth in *Yannas*, we remand the matter for consideration in light of that case.

After learning that the mother intended to move to New Jersey, the father filed a complaint seeking modification of a judgment of divorce which gave the mother custody of the child. The mother counterclaimed, requesting permission to reside in New Jersey with the child and her new

---

husband. Both parents have remarried. At the time of the hearing the mother was pregnant, expecting a baby in November, 1984. Her new husband had moved from Massachusetts to New Jersey because of employment (an increase in salary from $60,000 to $95,000 annually, plus a stock interest of $1,700,000).

The judge, in a careful and thoughtful memorandum, determined that both the mother and father are excellent parents, that both love the child, and that both are concerned with his welfare. He found the mother the "superior custodial alternative" but also found that the father was a substantial factor in the child's emotional well-being. The "mother encouraged and fostered an ongoing, continuous and regular relationship between [the child] and his father." Concluding that it is not in the child's best interests that he be separated by such a distance from his father, the judge denied the mother permission to remove the child to New Jersey.

In *Yannas* v. *Frondistou-Yannas*, 395 Mass. at 710-712, the Supreme Judicial Court set forth the procedure for determining the "best interests" of a child in cases involving removal. Citing and quoting from *Cooper* v. *Cooper*, 99 N.J. 42, 53, 54, 56 (1984), the court adopted a standard, sometimes called the "real advantage" standard, which recognizes that, after a divorce, a child's subsequent relationship with both parents can never be the same as before the divorce and that the child's quality of life is provided by and is "interwoven with the well-being of the custodial parent." *Yannas* at 710. For this reason, *Yannas* states, "the first consideration" in determining whether the child's best interests are served, "is whether there is a good reason for the move, a 'real advantage.' If the custodial parent establishes a good, sincere reason for wanting to remove to another jurisdiction, none of the relevant factors becomes controlling in deciding the best interests of the child, but rather they must be considered collectively." *Id.* at 711-712.

In this case the trial judge did not have the benefit of the *Yannas* case with its focus on the "real advantage" standard. Although he carefully considered many of the relevant factors discussed in *Yannas* (e.g., the "possible adverse effect of the elimination or curtailment of the child's association with the noncustodial parent," *id.* at 711), he did not, we think, give sufficient consideration to the "real advantage" of the move. Although he found that the new husband and the child had "a good relationship" and that there was evidence of good schools in New Jersey, he did not appear to give much weight to the quality of life of the custodial parent by reason of the separations enforced on her, on her husband, and on her other child. The only mention of that issue appears in finding No. 15, which reads as follows:

> "15. Apart from the convenience the New Jersey location is to her new husband's place of employment and the choice of Mary Lou Signorelli, the Court finds no other imperative significant enought to supersede the considerations herein set forth as they relate to [the child's] well

being. If she must remove the boy from the Commonwealth of Massachusetts, it must be under some circumstance that at least will substantially accommodate the on-going relationship between [the child] and his father as it exists at present."[1]

We think under the *Yannas* case the mother has shown "a good reason for the move, a 'real advantage' " — namely, the fact that her husband, with whom she has just had a baby, lives in New Jersey. See also *Hale* v. *Hale*, 12 Mass. App. Ct. 812, 818-819 (1981); *Gridley* v. *Beausoleil*, 16 Mass. App. Ct. 1005, 1006-1007 (1983). Under *Yannas, supra* at 711-712, once such a real advantage has been shown, "none of the relevant factors becomes controlling in deciding the best interests of the child, but rather they must be considered collectively. Every person, parent and child, has an interest to be considered."

Accordingly, the judgment is vacated and remanded for further proceedings in light of *Yannas*.[2] The judge is to determine whether reasonable alternative visitation arrangements may be implemented[3] so that the interests of the child and of both of his parents may be accommodated without substantial risk of harm to the child.

*So ordered.*

*Gregory C. Howard* for the plaintiff.
*Frank S. Puccio, Jr.*, for the defendant.

---

[1] The judge appropriately referred to the need for continued visitation for the father in the event of removal. The judgment, however, dismissed the mother's counterclaim, thereby precluding removal.

[2] An examination of the lengthy transcript in this case indicates that each parent, because of the importance of continuing his or her warm relationship with the child, was led to look for faults in the other's child-raising abilities. It is clear from the record, as the judge found, that both have much to offer this child. It may be that both will recognize that continued litigation on these matters might embitter the relationships and that for all parties the best solution is one reached by the parents themselves. See Chambers, Rethinking the Substantive Rules for Custody Disputes in Divorce, 83 Mich.L.Rev. 477, 569 (1984).

[3] We note that, fortunately in this case, the incomes of the parties are such that transportation costs should not prove to be an obstacle to frequent visitation. The judge also found that the mother was willing for the child to have frequent visits with the father.