SUSAN A. VERTREES *vs.* ROGER A. VERTREES. May 14, 1987. *Divorce and Separation*, Custody of child.

The husband appeals from a judgment of modification allowing the wife to remove the parties' two minor children[1] to the State of Illinois, G. L. c. 208, § 30, and from orders denying two postjudgment motions. We have reviewed the record and perceive no error.

---

[1] At the time of the modification (removal) hearing the parties' daughter was eleven years old, and their son was eight years old.

1. In *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704, 710-712 (1985), the Supreme Judicial Court set forth the procedure for determining the "best interests" of a child in cases involving removal. The court adopted a standard, sometimes called "'real advantage'" standard, which recognizes that after a divorce a child's quality of life is provided by and is "'interwoven with the well-being of the custodial parent.'" *Id.* at 710. See also *Signorelli* v. *Albano*, 21 Mass. App. Ct. 939, 940 (1985). For this reason, the "first consideration" in determining whether the child's best interests are served "is whether there is a good reason for the move, a 'real advantage.' If the custodial parent establishes a good, sincere reason for wanting to remove to another jurisdiction, none of the relevant factors becomes controlling in deciding the best interests of the child, but rather they must be considered collectively." *Yannas* v. *Frondistou-Yannas, supra* at 711-712.[2] See *Hale* v. *Hale*, 12 Mass. App. Ct. 812, 818-819 (1981).

We think under the *Yannas* standard the wife has shown good, sincere reasons for wanting to remove to another jurisdiction. The wife was born and raised in Illinois and, with the exception of a brief period of time when she resided in Texas, spent her first twenty-eight years in that State. Her parents, brothers and other relatives continue to reside in Illinois, as do the husband's parents, sister and brother. The parties moved to Southwick, Massachusetts, in 1977 when the husband obtained employment at the Springfield Hospital. In 1979 the husband left the wife for another woman, and in May, 1981, the wife obtained a divorce for the cause of cruel and abusive treatment. Under the terms of the judgment she was awarded custody of the minor children. The husband remarried shortly after the divorce. The wife has not remarried.

It is evident that the wife strongly desires to leave Massachusetts. The judge found that, although she has survived in this area the crisis of divorce, there will be other recurrent crises during which she will need the help of supportive relatives whom she does not have here. While the husband has been supportive of the children in terms of exercising his visitation rights and paying support, he has not been (and cannot be) supportive of the wife, as his primary commitments are to his present wife. The judge noted that the wife "of necessity" must turn to her nearest supportive relatives in her home community in Illinois. In addition, the wife earns only $14,000 a year in her present job, and her opportunities for career advancement may be better in Illinois (although she has not yet obtained employment there). The judge further found that because of recent layoffs by her employer, the wife had reason to be apprehensive about her current employment status. Certainly, the move to Illinois would be to the advantage of the wife, emotionally, socially and, perhaps, financially. See *id.* at 712.

---

[2] *Yannas* was decided prior to the modification (removal) hearing and the wife's attorney referred to the decision in closing argument. Compare *Signorelli* v. *Albano, supra.*

The court also considered carefully the interests of the husband and the children — including the children's relationships with their father (which are quite good) and any improvements which might flow to the children from an improvement in the quality of their mother's life. Although removal would cause the children to leave their friends and their school, and would "weaken[ ] and diminish[ ]" their contact with their father, the judge found that they would be moving to an area where there is a sound school system, and where they would have a closer relationship with their maternal and paternal grandparents and other relatives. *Id.* at 712. He stated that "[t]he detrimental effect [of being apart from their father] would be outbalanced by the strengthening of the custodial home in the community of [the wife's] supportive relatives." We note also that by virtue of the "blocks" of visitation awarded the husband, the children should be able to maintain an appropriate and ongoing relationship with their father.[3] See *id.* at 708, 712.

Viewing the relevant facts collectively, we are of opinion that it was not an abuse of discretion or an error of law to authorize the wife to remove the children to Illinois.

2. The husband has made no appellate argument with respect to the denial of his postjudgment motions, and, accordingly, we do not pass upon them. See Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975); *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958); *A. Leo Nash Steel Corp.* v. *Southern New England Steel Erection Co.*, 9 Mass. App. Ct. 377, 385-386 (1980).

The judgment of modification entered October 17, 1985, is affirmed. The orders entered November 6, 1985, denying the husband's postjudgment motions are affirmed.

*So ordered.*

*William A. Murray, III*, for the defendant.
*Philip A. Beattie* for the plaintiff.

---

[3] Although the children's removal will "strain" the exercise of the husband's visitation rights, his income should be sufficient to enable him to see the children, at least during "block" visitation periods. See *Signorelli* v. *Albano, supra* at 941 n.3. The judgment of modification also provides that the husband is not required to pay support during those vacation periods when the children are with him for one week or more.