JOAN M. QUINN[1] *vs.* SEAN J. QUINN.

No. 97-P-678.

Essex. December 14, 1999. - April 20, 2000.

Present: JACOBS, PORADA, & GREENBERG, JJ.

*Divorce and Separation,* Child support, Modification of judgment. *Contempt.*

An agreement between parents relating to child support, made subsequent to the entry of their divorce judgment and without court approval, for less than the support ordered by the court, did not constitute a defense to a complaint for contempt, in light of G. L. c. 119A, § 13(*a*). [145-148]

This court declined to set aside a probate judge's modification of a child support order that was assertedly based on a presumptive application of the Massachusetts Child Support Guidelines, which may be addressed anew on further proceedings. [148-149]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on September 16, 1992.

An amended complaint for contempt, filed on October 2, 1996, was heard by *William Highgas, Jr., J.*

*Patricia S. Johnstone* for Joan M. Quinn.

*Gregory C. Howard* for Sean J. Quinn.

PORADA, J. On October 2, 1996, the plaintiff filed in the Probate and Family Court an amended complaint for contempt alleging that the defendant had failed to comply with an order of the court to pay child support in the sum of $350 weekly for the parties' minor children. The defendant filed an answer to the complaint in which he alleged as one of his defenses the plaintiff's agreement of April 9, 1993, to accept the lesser sum of $275 weekly for child support. At a nonevidentiary hearing, the Probate Court judge dismissed the contempt complaint based on his belief that the plaintiff's agreement constituted a bar to her complaint for contempt. The judge also reduced prospec-

_____
[1] We take the plaintiff's name as it appears on the complaint.

tively the order of child support from $350 weekly to $322.50, based on the Massachusetts Child Support Guidelines (guidelines). See G. L. c. 208, § 28.

On appeal, the plaintiff claims that the judge erred in ruling that the plaintiff's agreement to accept less child support than the amount set forth in the court's order for child support operates as a bar to her complaint for contempt and that the plaintiff had the burden of proving that the defendant had wilfully and intentionally disobeyed the court order. The plaintiff also claims the judge erred in modifying the order for child support without proof that a change of circumstances had occurred.

We address each of the issues.[2]

1. *Parties' agreement.* The plaintiff argues that the judge erred in dismissing the complaint based on the plaintiff's agreement because the agreement had not been approved by the court. Because the postdivorce agreement in this case predates the amendment to G. L. c. 119A, § 13,[3] as amended by St.

---

[2]The defendant argues that the appeal should be dismissed because the plaintiff's record appendix is deficient in that it fails to include the parties' divorce judgment or original separation agreement and includes the parties' financial statements which were not introduced in evidence. We decline to dismiss the appeal. "The fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on such parts, provided that the court may decline to permit the parties to refer to portions of the record omitted from the appendix, unless leave be granted prior to argument." Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979). The defendant makes no argument that the plaintiff has misrepresented the content thereof. Further, the omission of the original divorce judgment and separation agreement from the appendix could have been corrected by the defendant if he thought the inclusion of those documents was necessary for the court's review of the judge's decision. Mass.R.A.P. 18(b), as amended, 378 Mass. 941 (1979).

The inclusion of the parties' 1992 and 1996 financial statements was proper, because they were material to the issue of the modification of the original child support order. The statements were part of the parties' case file, see Rule 401 of the Supplemental Rules of the Probate Court, and were subject to judicial notice by the judge, *Andrews, petitioner,* 368 Mass. 468, 476 (1975); Liacos, Massachusetts Evidence § 2.8.1, at 25-26 (7th ed. 1999).

[3]Section 13(b), as inserted by St. 1987, § 714, § 1, had provided that the provisions of § 13(a) applied to any action to enforce or modify child support orders under any chapter of the General Laws. Section 13(b), as amended by St. 1993, c. 460, § 53, provides that "an agreement between parents that provides for the support of a minor child shall not be enforceable to bar a modification of the amount of support due on behalf of the minor child unless the court finds all of the following: 1) that the agreement survives the original judgment and has independent legal significance; 2) that the agreement was

1993, c. 460, § 53, and G. L. c. 208, § 28,[4] as amended by St. 1993, c. 460, § 61, we do not believe court approval was required. See *McCarthy* v. *McCarthy*, 36 Mass. App. Ct. 490, 493 & n.5 (1994) (divorce and agreement entered into in 1987). Nevertheless, because "[p]arents may not bargain away the rights of their children to support from either one of them," *Knox* v. *Remick*, 371 Mass. 433, 437 (1976), the Legislature has placed certain limits on the ability of parents to enter into binding contracts relating to child support. G. L. c. 208, § 28. G. L. c. 209, § 37. At the time of the parties' judgment of divorce and the agreement at issue, G. L. c. 119A, § 13(*a*), as inserted by St. 1987, c. 714, § 1, was in effect. Section 13(*a*) provided as follows: "Any payment or installment of support under any child support order issued by any court of this commonwealth. . . shall be on or after the date it is due, a judgment by operation of law, with the full force, effect, and attributes of a judgment of this commonwealth including the ability to be enforced; shall be entitled as a judgment to full faith and credit; and shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification . . . ." Prior to its passage, a judge had the power to eliminate arrearages for child support retroactively in proceedings for contempt. *Bloksberg* v. *Bloksberg*, 7 Mass. App. Ct. 233, 234-235 (1979). Because of this power, we had held that an agreement between the parents relating to child support, which was fair and reasonable and free from fraud, and which was entered into after the entry of their divorce judgment, could constitute a defense to a complaint for contempt. *Gridley* v. *Beausoleil*, 16 Mass. App. Ct. 1005, 1007-1008 (1983). In light of the passage of G. L. c. 119A, § 13(*a*), this action raises the issue whether an agreement between the parties relating to child support made subsequent to the entry of their divorce judgment

fair and reasonable and free from fraud and coercion at the time of the judgment; 3) that the provisions for support of the minor child continue to be fair and reasonable considering the child support guidelines and the circumstances of the parties and the child; and 4) that enforcement of the agreement is in the best interests of the child."

[4]General Laws c. 208, § 28, was amended to provide that after a complaint for divorce "[a] modification of child support may enter notwithstanding an agreement of the parents that has independent legal significance" and to require that support obligations for minor children be consistent with the child support guidelines promulgated by the Chief Justice for Administration and Management. St. 1993, c. 460, § 61.

and without court approval continues to constitute a defense to a complaint for contempt. We conclude it cannot for the reasons discussed below.

In enacting G. L. c. 119A, § 1, inserted by St. 1986, c. 310, § 10B, the Legislature declared that it was "the public policy of the commonwealth that dependent children shall be maintained, as completely as possible, from the resources of their parents, thereby relieving or avoiding, at least in part, the burden borne by the citizens of the commonwealth. The existing remedies pertaining to the support of dependent children are to be augmented by the additional remedies provided in this chapter so as to establish a comprehensive and effective child support enforcement program through expedited processes for obtaining and enforcing support orders and establishing paternity. This chapter shall be liberally construed to effectuate the policy stated herein." Commensurate with this policy, the Legislature limited the power of a judge to reduce retroactively any arrearages in child support based on child support orders and cast the imprimatur of a judgment upon any child support order, including the ability to be enforced as such. G. L. c. 119A, § 13(*a*). Further, the Legislature specifically provided that the provisions of § 13(*a*) shall apply "to *all* actions for establishment, modification or enforcement of a judgment or order for child support pursuant to or adjudicated under the provisions of chapters . . . two hundred and eight, [and] two hundred and nine . . . ." G. L. c. 119A, § 13(*d*), as amended by St. 1993, c. 460, § 53 (emphasis supplied).

Here, the plaintiff brought a complaint for civil contempt. The purpose of such action is "intended to achieve compliance with the court's orders for the benefit of the complainant." *Furtado* v. *Furtado*, 380 Mass. 137, 141 (1980). It is the usual means for enforcement of a judgment or order for child support and, thus, all the provisions of G. L. c. 119A, § 13, apply to this action. G. L. c. 119A, § 13(*d*). Under § 13(*a*), an action to enforce a child support order takes on the semblance of an action on a judgment. In an action on a judgment, an agreement to accept less money than due, absent proof of new consideration, does not constitute a defense to the action. *Emerson* v. *Deming*, 304 Mass. 478, 481 (1939). The same principle should apply to a civil proceeding to enforce a child support order. Of greater import, however, is the fact that G. L. c. 119A, § 13(*a*), no longer permits a judge to moot or reduce arrearages for child

support except for any period during which there is pending a complaint for modification. Thus, the ground on which we based our decision in part in *Gridley* v. *Beausoleil,* 16 Mass. App. Ct. at 1007-1008, is no longer valid. We therefore conclude that the plaintiff's agreement to accept less money than provided by the court order in this case did not constitute a defense to the plaintiff's complaint for contempt. The judgment must be reversed and the action remanded to the Probate Court for further proceedings to establish the arrearages due under the adjudication of contempt.[5]

2. *Modification of child support.* The plaintiff claims the judge erred in modifying the child support order without any evidence of a substantial change of circumstances. The judge apparently modified the order prospectively based on the defendant's income and the defendant's payment of health insurance under the child support guidelines promulgated by the Chief Justice for Administration and Management. A judge may modify prospectively a child support order. *Smith-Clarke* v. *Clarke,* 44 Mass. App. Ct. 404, 406 (1998). There is a rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered. G. L. c. 208, § 28. However, this presumption may be overcome by a party. *Ibid.* "The presumption establishing a proposed new order may be rebutted in cases where the amount of support required under the guidelines is due to the fact that the amount of the current support order resulted from a rebuttal of the guideline amount or by an allowance of an agreement of the parties and there has not been a change in the circumstances which resulted in a rebuttal of the guideline amount." Massachusetts Child Support Guidelines, introductory par. (effective January 1, 1994). Further, even if the existing order was based on a rebuttal of the guideline amount and there has been no change of circumstances, "the order shall be modified in accordance with the guidelines unless the court finds that the guidelines amount would be unjust or inappropriate under the circumstances and that the existing order is consistent with the best interests of the child." G. L. c. 208, § 28. See *Department of Rev.* v. *Foss,* 45 Mass. App. Ct. 452, 459 (1998) (even if there is no change in

---

[5]Because we are reversing the judgment, we need not discuss plaintiff's claim that the judge erroneously cast the burden of proof upon her on this case.

circumstances a modification is appropriate if the prior order did not follow the guidelines).

Our review of the record does not disclose that there was any evidence of a material change of circumstances, but the record also does not disclose whether the prior order of $350 was based on the court's approval of the parties' separation agreement at the time of the divorce, a rebuttal of the guidelines, or the guidelines at the time of the entry of the divorce judgment. As such, based on the record presented, we decline to set aside the judge's modification of the prior order which was allegedly based on a presumptive application of the guidelines. Nevertheless, because the issue was not fully addressed in the contempt proceeding and the action is being remanded for purposes of establishing the arrearages due on the judgment for contempt, the parties may address the issue anew at the hearing on the arrearages or by means of filing a complaint for modification.

In sum, the order modifying the child support to $322.50 weekly is affirmed, but the judgment holding the defendant not in contempt is reversed, and the action is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*