NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1491                                      Appeals Court

PATRICK J. HOEGEN  vs.  CHRISTINE M. HOEGEN.

No. 14-P-1491.

Worcester.    October 21, 2015. - January 22, 2016.

Present:  Green, Hanlon, & Massing, JJ.


Divorce and Separation, Child support, Modification of judgment,
    Separation agreement, Findings, Attorney's fees. Parent
    and Child, Child support. Waiver.


Complaint for divorce filed in the Worcester Division of
the Probate and Family Court Department on March 17, 2010.

An amended complaint for modification, filed on May 23,
2013, was heard by Joseph Lian, Jr., J.


Warren M. Yanoff for Christine M. Hoegen.
Penelope A. Kathiwala (Barbara A. Cunningham with her) for
Patrick J. Hoegen.


HANLON, J.  The defendant, Christine M. Hoegen (mother),

appeals from a modification judgment of the Probate and Family

Court which held that her former husband, Patrick J. Hoegen

(father), was not obligated to include income realized from

vested restricted stock units (RSU) in the calculation of child support for the parties' minor children.[1]  We reverse.

Background.  The parties were divorced by a judgment of divorce nisi, incorporating by reference a separation agreement, which survived as an independent contract, except as to matters relating to the children.[2]  Under the agreement, the father's child support obligation was $1,020 biweekly,[3] which the parties agreed was higher than the presumptive amount of support under the Massachusetts Child Support Guidelines at that time.  The agreement also required that the parties "confer on April 1st of each year to evaluate whether the child support should be adjusted."[4]  Exhibit D to the agreement (captioned "Pension/Retirement Funds, Etc.") explicitly stated that the mother "acknowledges that she is aware that the [father] does participate in a stock plan through his employment; the [mother] waives all rights, title and interests in these accounts."

---

[1] The parties have two children, one born in 2003 and one in 2004.

[2] An attorney prepared the agreement, but the parties filed pro se their joint petition for divorce pursuant to G. L. c. 208, § 1A.

[3] Every other week.

[4] In April, 2010, by agreement, the father's child support obligation increased to $575 per week, with another increase to $582 per week in April, 2012.  The modification judgment increased the amount to $608 per week.

On February 5, 2013, the father filed a complaint for modification, seeking to define more fully the shared parenting schedule, that is, to provide more specificity about weekday, holiday, and vacation schedules along with related transportation, and also to incorporate language regarding relocation of the children outside of Massachusetts; he also sought to extend the review of his child support obligation from every year to every three years.  The father amended his complaint on May 23, 2013, requesting not only the original relief, but also that he be granted the tax exemption for both children.

On June 27, 2013, the mother filed an answer to the amended complaint and a counterclaim, seeking, in addition to adjustments to the parenting schedule and responsibilities, to recalculate child support to include "all" of the father's income.  On January 13, 2014, the parties resolved by stipulation the issues relating to the parenting schedule, and proceeded to trial only on the issues of child support and the tax exemptions.

On March 25, 2014, the judge ordered the entry of judgment on the father's modification complaint, incorporating the parties' stipulation, and increasing the father's child support obligation to $608 per week, based on base pay and bonuses, but excluding the RSU income.  The judge found that "the mother did

not prove that the father's income from [RSU] should be included in calculating child support as there was no evidence that said [RSU] income was not derived from the stock plan listed as an asset on the father's financial statement at the time of the divorce and in which any interest of the mother in said stock plan was waived by the mother in the parties' separation agreement."[5]  The mother timely appealed.

Discussion.  RSU income.  First, the mother challenges the judge's order that the RSU income should not be included in calculating the father's child support obligation, arguing that income for child support purposes, as defined in the guidelines, is "expansive and effectively constitutes income from any and all sources."  The father counters that, as part of the marital asset division at the time of divorce, he retained sole ownership of his "stock plan" and, under the provisions of that agreement, which independently survived the divorce judgment, the mother waived "all rights, title and interests" in it.  He claims that, because the mother waived her right to this asset, using the RSU income derived from it for the purpose of calculating child support essentially would be "double dipping."

---

[5] Because the balance of the divorce judgment remained in full force and effect, the status quo was maintained as to the tax exemption issue, with each party claiming one child on his or her income tax return until the time that only one child is available to claim; at that point, the parties will alternate their exemption claims from year to year.

"'[C]hild support is controlled by G. L. c. 208, § 28, and the Massachusetts Child Support Guidelines.' . . . Except as otherwise stated therein, the guidelines have presumptive application to actions to modify existing orders." Wasson v. Wasson, 81 Mass. App. Ct. 574, 576 (2012), quoting from Croak v. Bergeron, 67 Mass. App. Ct. 750, 754 (2006). "In furtherance of the public policy that dependent children shall be maintained as completely as possible from the resources of their parents and upon a complaint filed after a judgment of divorce, orders of maintenance and for support of minor children shall be modified if there is an inconsistency between the amount of the existing order and the amount that would result from the application of the child support guidelines.'" Morales v. Morales, 464 Mass. 507, 511 (2013), quoting from G. L. c. 208, § 28, as amended, effective July 1, 2012. See Massachusetts Child Support Guidelines § III-A(1) (2013). In addition, as the principles to the guidelines state, if one parent comes to enjoy a higher standard of living, a child is entitled to enjoy that higher standard. It is clear, therefore, that the guidelines must be applied in determining the amount of a parent's child support obligation, particularly in a case such as this one, where there is no contrary agreement between the parties and where the

combined income of the parties is below the guidelines maximum of $250,000.[6]  See id. at § II-C.  See also Wasson, supra at 577.

Section I-A of the guidelines explicitly instructs on the definition of "income," and how that income should be calculated when determining a child support order.  "[I]ncome is defined as gross income from whatever source regardless of whether that income is recognized by the Internal Revenue Code or reported to the Internal Revenue Service or state Department of Revenue or other taxing authority"; some twenty-seven sources of income are then listed.  While income derived from stock or RSUs is not specifically included, the last item on the sample list is a catch-all phrase stating that "any other form of income or compensation not specifically itemized" may be included.  Massachusetts Child Support Guidelines I-A(28).

"[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d

---

[6] There are many reasons why parties may agree to a child support amount below that suggested by the guidelines.  However, such an agreement may not constitute a waiver.  In any future modification, the guidelines that would have been applicable in the absence of an agreement, along with the reasons for any deviation, must be considered.

9, 15 (1st Cir. 2008). We acknowledge that the judge has a measure of discretion in how to value and how to characterize stock, bonuses, and contingencies because "a 'one size fits all' rule is both impractical and potentially unfair." Brower v. Brower, 61 Mass. App. Ct. 216, 221 (2004). However, as this court has held, income derived from stock options is considered "gross annual employment income" for the purpose of calculating child support orders. Wooters v. Wooters, 74 Mass. App. Ct. 839, 843 (2009). "[C]ommon sense dictates that the income realized from the exercise of stock options should be treated as gross employment income: It is commonly defined as part of one's compensation package, and it is listed on W-2 forms and is taxable along with the other income." Ibid. If not characterized as such, "a person could potentially avoid his or her obligations merely by choosing to be compensated in stock options instead of by a salary." Ibid. See Champion v. Champion, 54 Mass. App. Ct. 215, 221 (2002) (rejecting the proposition that "an improper double benefit exists whenever income produced by an asset included in a party's equitable share of the marital estate is considered in determining the need for or the ability to pay support orders").

In this case, the father received as part of the compensation package in his offer of employment a certain number of RSUs. In addition, as indicated by the father's employee pay

stubs, he regularly earned income from his employer-issued RSUs. As a result, contrary to the father's argument, these monies should have been included as gross income, along with his base salary and bonus compensation, in calculating his child support obligation. See ibid. In light of this, the judge's finding that the mother failed to "prove that the father's income from [RSUs] should be included in calculating child support" was error. The error was compounded by the fact that the judge failed to make written findings as to why he excluded the RSU income from the child support calculation, apart from noting that any claim to that income was waived. See Wasson, 81 Mass. App. Ct. at 579 (judge abused discretion in failing to make specific written findings in excluding capital gains income).

In addition, it does not appear from the modification judgment that the judge considered the disparity in the standards of living between the parties' households, which is inconsistent with the principles underlying the guidelines. See Katzman v. Healy, 77 Mass. App. Ct. 589, 599 (2010), quoting from Brooks v. Piela, 61 Mass. App. Ct. 731, 734 (2004) ("Implicit in the judge's consideration of this disparity [in income] is consideration of the children's needs, defined in the light of [the father's] higher standard of living"). We are satisfied that failure to consider the income derived from the RSUs in determining an appropriate child support order in this

case would result in an inequity.  See Croak, 67 Mass. App. Ct. at 759.

As noted, the father counters that the mother waived all interest in his RSU income at the time of the agreement.  That waiver, in his view, forecloses any consideration of RSU income in determining child support.  The mother responds that the waiver was invalid because the father failed to disclose to her the nature of the stock options.  In her view, by listing the stock options under "Pension/Retirement Funds, Etc.," the father, at the time of the agreement, concealed that portion of his income from her.  In addition, at the time of the negotiated child support increase in effect at the time of the modification judgment, the father had "blocked out his bonus income" and RSU income on the pay stub that he showed the mother as part of his obligation to confer regarding child support.

We need not reach the issue whether the mother's waiver was valid as to her own right to alimony or the division of property because it is clear that her waiver cannot operate to waive her children's right to appropriate child support pursuant to the guidelines.  "[I]t is axiomatic under Massachusetts law that '[p]arents may not bargain away the rights of their children to support from either one of them.'"  Okoli v. Okoli (No. 1), 81 Mass. App. Ct. 371, 377 n.10 (2012), quoting from Knox v. Remick, 371 Mass. 433, 437 (1976).  See White v. Laingor, 434

Mass. 64, 66-67 (2001). See also Quinn v. Quinn, 49 Mass. App. Ct. 144, 146 n.4 (2000) ("General Laws c. 208, § 28, was amended to provide that after a complaint for divorce '[a] modification of child support may enter notwithstanding an agreement of the parents that has independent legal significance' and to require that support obligations for minor children be consistent with the child support guidelines promulgated by the Chief Justice for Administration and Management. St. 1993, c. 460, § 61").

As a result, even if the mother did waive her right to any interest in the income at issue, that waiver could not operate to waive her children's right to child support from that income. For all of these reasons, the judge abused his discretion, and the modification judgment cannot stand.

Retroactive award. The mother also argues that the judge abused his discretion in failing to modify retroactively the increased child support order, and in failing to make written findings explaining his rationale for not doing so. It has been established that, during a period in which a complaint for modification is pending, a party is entitled to retroactive modification of a child support order "where a judge finds that the parties' circumstances have materially changed and that such modification is in the best interests of the children." Whelan v. Whelan, 74 Mass. App. Ct. 616, 627 (2009). See G. L. c. 119A, § 13(a); G. L. c. 208, § 28. "A judge is not required

to make an order for modification retroactive, but 'absent a specific finding that retroactivity would be contrary to the child's best interest, unjust, or inappropriate,' these factors should be considered." Whelan, supra, quoting from Boulter-Hedley v. Boulter, 429 Mass. 808, 812 (1999). The judge here failed to make any such findings.

Although the father contends that a retroactive order is not warranted because he has been paying more than the guidelines amount, he fails to account for the fact that the child support he has been paying has never included the substantial income realized from his RSUs. It appears from this record that, when the father's RSU income is included in his gross weekly income (along with his base salary and bonus amount), it is not unlikely that the father has been underpaying significantly. "If the father has been paying less than would otherwise have been required under the Guidelines, this 'necessarily implies that the child has been receiving insufficient support during the pendency of the complaint.'" Ibid., quoting from Boulter-Hedley, supra.

Attorney's fees. Finally, the mother asserts that she is entitled to an award of her attorney's fees, and the judge abused his discretion in denying her request without explanation. We recognize that a judge has discretion in awarding attorney's fees in appropriate circumstances. In

addition, a "judge has discretion to award fees even in the absence of bad faith or frivolous claims or defenses." Wasson, 81 Mass. App. Ct. at 582.  See G. L. c. 208, § 38.  In the present case, it appears that the judge considered the motion and denied it, but he did not provide any explanation for the denial.  See Coppinger v. Coppinger, 57 Mass. App. Ct. 709, 714 (2003).

Conclusion.  The modification judgment of March 25, 2014, is vacated and the matter is remanded to the Probate and Family Court for the recalculation of an appropriate child support order based on the father's gross weekly income including his base salary, bonus income, and RSU income.  The new modification judgment shall be retroactive to February 5, 2013.  On remand, the judge shall determine, based on affidavits or hearing, whether to award attorney's fees to the mother and, if so, the appropriate amount of attorney's fees to be awarded.  Until a new modification judgment enters, the modification judgment of March 25, 2014, shall remain in full force and effect.

So ordered.