NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1397                                        Appeals Court

SAKTI CALABRIA  vs.  PETER J. CALABRIA, JR.

No. 16-P-1397.

Bristol.     May 31, 2017. - July 13, 2017.

Present:  Green, Wolohojian, & Ditkoff, JJ.

Divorce and Separation, Child support, Modification of judgment.
    Parent and Child, Child support.

Complaint for divorce filed in the Bristol Division of the
Probate and Family Court Department on March 13, 2009.

A complaint for modification, filed on July 16, 2014, was
heard by Anthony R. Nesi, J.

Charles M. Landry for the father.

GREEN, J.  The defendant father appeals from those portions

of a judgment of the Probate and Family Court that increased his

child support payments retroactive to the date his income

increased, which was before the plaintiff mother filed her

complaint for modification.[1]  We conclude that, in the circumstances of this case, in which the parties expressly provided for retroactive adjustment of child support in their separation agreement, and where the adjustment fosters the best interest of the couple's minor child and does not derogate from the purposes of G. L. c. 119A, § 13, such a retroactive award was within the judge's equitable authority.  We accordingly affirm the judgment.

Background.  In the separation agreement between the parties, dated April 28, 2010, and merged as to alimony and child support into the judgment of divorce nisi entered the same day, the parties included the following provision regarding child support:

> "The parties agree that upon any change in his or her employment or income he or she shall immediately notify mother/father of the change, the child support will be reviewed.

> "The Wife is currently unemployed.  The Husband's income has been cut in half.  Both parties are obligated to notify the other upon any change of employment or salary status. Parties agree to immediately seek to modify the child support obligation and said modification to be retroactive to the change of employment or salary date.  Parties shall also exchange by March 15th of each year, any and all W-2's; 1099's or other documents evidencing income earned or received."  (Emphasis supplied.)

---

[1] The father has not appealed from those portions of the judgment increasing his child support obligations from and after the filing of the complaint for modification, or continuing the suspension of his visitation pursuant to an earlier order.

At the time of the divorce, and pursuant to the separation agreement, the father was obliged to pay child support in the amount of $416 per semimonthly pay period.

On February 28, 2013, the mother filed a complaint for contempt, based on (among other things) the father's failure to provide the required financial information.  Ultimately, both parties exchanged the required information during the pendency of the contempt action, and no judgment of contempt entered against either party.

On July 16, 2014, the mother filed a complaint for modification, seeking modification of child support based on the father's increased income reflected in the financial information exchanged during the contempt action.  During 2011, the father had earned $1,021 per week.  Beginning in 2012 and thereafter, the father had consistently earned $1,250 per week.  Applying the Child Support Guidelines then in effect to the father's income during 2011, 2012, and 2013,[2] and then comparing the resulting support obligation to the amounts actually paid by the father during those years, the judge computed a deficit of $9,264 for the prior years.  In addition, the judge found that the father was responsible for an additional arrearage of $660 as of March 1, 2015, for a total arrearage of $9,924.  The

_____

[2] New Child Support Guidelines became effective on August 1, 2013, and the judge applied the new guidelines to the calculation of support for the period following that date.

judgment ordered the father to pay that arrearage in biweekly installments of $100 in addition to his new biweekly child support payments of $476, until the arrearage is paid in full.

Discussion. The father challenges the imposition of an obligation to pay increased child support for the period preceding the date on which the mother filed her complaint for modification. His principal contention is that the judge was without authority to make any increase retroactive to a date earlier than the date of the complaint for modification, by reason of G. L. c. 119A, § 13(a), which provides, in pertinent part, as follows:

> "Any payment or installment of support under any child support order issued by any court of this commonwealth . . . shall be on or after the date it is due, a judgment by operation of law, . . . provided that said judgment shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given . . . ."

Ibid., as amended by St. 1998, c. 64, § 161.

"In enacting § 13(a), 'the Legislature limited the power of a judge to reduce retroactively any arrearages in child support except for any period during which there is a pending complaint for modification.' . . . 'The object of § 13(a) was to give support orders the finality of other judgments, to assist the [Department of Revenue] in its enforcement efforts.'" Rosen v. Rosen, 90 Mass. App. Ct. 677, 683 (2016), quoting from T.M. v.

L.H., 50 Mass. App. Ct. 856, 859 (2001). See Quinn v. Quinn, 49 Mass. App. Ct. 144, 147-148 (2000).[3] To that end, an agreement by a recipient parent to accept reduced child support payments will not be given effect. See id. at 146-147.

Here, we are presented with a modification judgment that gives effect to a predivorce agreement of the parties concerning retroactive adjustment of child support and that results in an increase rather than a decrease in child support during the period preceding the complaint for modification. In such circumstances, the objective of § 13(a) to furnish finality and clarity to orders for child support in order to facilitate prosecution of an enforcement action based on the support order is not impaired by the possibility that the support obligor might assert claimed defenses to payment. Contrast Quinn v. Quinn, supra at 147. Moreover, in light of the fact that the delay in the mother's filing of her complaint for modification

---

[3] In Rosen v. Rosen, we recognized that special circumstances of an equitable nature could "justify the grant of a credit to a support obligor for payments or expenditures made that were not in strict compliance with the support order or judgment." 90 Mass. App. Ct. at 684, quoting from T.M. v. L.H., 50 Mass. App. Ct. at 861. In certain narrowly described circumstances, a support obligor may receive a credit against support arrearages for other payments made, provided (among other things) that the alternative support arrangement was not contrary to the child's best interests and that the credit would not result in injustice or undue hardship to the support recipient. Id. at 688-689. Rosen included a number of other circumstances applicable to the allowance of an equitable credit against a child support arrearage, which we do not repeat here.

was attributable to her lack of awareness of the increase in the father's income, which in turn resulted from the father's failure to provide the financial information required by the parties' agreement, it is not inequitable to give force to the parties' intent, as expressed in the agreement.[4]  Cf. <u>Hamilton</u> v. <u>Pappalardo</u>, 42 Mass. App. Ct. 471, 476 (1997).  Finally, we observe that giving effect to the parties' agreement where it operates to increase support payments in the manner agreed by the parties, and where it is in the best interest of the child (as the judge here found), "is consistent with the articulated public policy of the Commonwealth that 'dependent children shall be maintained, as completely as possible, from the resources of their parents.'"  <u>Rosen</u> v. <u>Rosen</u>, <u>supra</u> at 689, quoting from <u>Lombardi</u> v. <u>Lombardi</u>, 68 Mass. App. Ct. 407, 415 (2007).  See <u>Boulter-Hedley</u> v. <u>Boulter</u>, 429 Mass. 808, 813 (1999) ("Two central policies furthered by the Massachusetts child support scheme are [1] caring for the best interests of children, and [2] ensuring that the taxpayers are secondary to the parents in meeting the financial needs of children").

---

[4] We reject the father's contention that the judge should have treated the mother's claim for modification pursuant to the agreement as waived, by reason of her delay in filing her complaint.  Again, we see no error of law or abuse of discretion in the judge's implicit conclusion that the mother cannot be faulted for her failure to assert a claim of which she was unaware because of the father's failure to furnish the required financial disclosure.

<u>Judgment affirmed</u>.