Matthew Gillis (husband), the former husband of Lily E. Eynon (wife), appeals from an amended judgment of divorce nisi issued by a judge of the Probate and Family Court. He challenges the award of primary physical custody of the parties' children to the wife, the child support order requiring the husband to pay $339 per week, and the division of marital assets. We affirm.
To begin, we note several significant procedural defects with this appeal. Although the operative judgment is the amended judgment of divorce nisi dated April 12, 2016, issued nunc pro tunc to January 25, 2016 (the date of the original judgment), the husband failed to include a copy of that judgment in the record appendix, as required by Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997).[2] On the other hand, he has included in the record appendix several documents that postdate the trial, and some that postdate entry of the amended judgment, with no indication whether or how they were put before the judge. At least one of those documents plainly was not part of the record below.
In addition, the husband has failed to provide us with an adequate brief. His brief contains numerous factual assertions that are unaccompanied by citations to the record or cite to documents that were not before the judge. See Mass.R.A.P. 16(e), as amended, 378 Mass. 940 (1979) ("No statement of a fact of the case shall be made in any part of the brief without an appropriate and accurate record reference"); Mains v. Commonwealth, 433 Mass. 30, 36 (2000) (pro se litigants bound by same rules as litigants represented by counsel); R.J.A. v. K.A.V., 34 Mass. App. Ct. 369, 372 n.6 (1993) ("The burden is on the appellant ... to furnish a record that supports [his] claims on appeal" [quotation omitted] ). His brief is also bereft of any citation to legal authority. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("The argument ... shall contain ... citations to the authorities, statutes and parts of the record relied on"); K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014) (court will not consider claims that do not "rise to the level of reasoned appellate argument contemplated by Mass.R.A.P. 16 [a][4]"). These rules are not mere technicalities, but rather requirements necessary to allow the appellee a fair opportunity to respond and to allow this court to understand the appellant's arguments.
Notwithstanding these procedural defects, we briefly address the husband's claims. Regarding the award of primary physical custody of the children to the wife, our review is for abuse of discretion. See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "[T]he touchstone inquiry [is] ... what is 'best for the child.' " Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting from Custody of Kali, 439 Mass. 834, 840 (2003). See G. L. c. 208, § 28. "The determination of which parent will promote a child's best interests rests within the discretion of the judge ... [whose] findings ... must stand unless they are plainly wrong." Hunter, supra, quoting from Custody of Kali, supra at 845.
We discern no abuse of discretion. The judge found that the wife had been the primary caregiver and that it was in the children's best interests to maintain the existing parenting schedule (with an extra overnight for the husband on alternating weekends) to ensure "consistency in [the children's] general routine." See Custody of Kali, 439 Mass. at 843 ("[I]t is ordinarily in the child's best interests to maintain" the existing parenting arrangement if it "is satisfactory and is reasonably capable of preservation"). The judge further found that the husband's request for shared physical custody was "motivated by his desire not to pay child support" and that he "ha[d], at times, exercised poor judgment while parenting the minor children."[3] The husband challenges these findings primarily on the ground that the judge should not have credited the wife's testimony because it was "dishonest." Credibility determinations are within the purview of the judge, however, and we will not reverse them "unless we are convinced they are plainly wrong." Zaleski v. Zaleski, 469 Mass. 230, 237 (2014), quoting from Felton v. Felton, 383 Mass. 232, 239 (1981). As the husband provides no competent evidentiary support for his assertion that the wife's testimony was "dishonest," we will not disturb the judge's findings.
We likewise reject the husband's assertion that the judge should not have ordered child support because the wife allegedly conceded that it was "not necessary." Even assuming the wife made such a concession, a parent's willingness to forgo child support "cannot operate to waive her children's right to appropriate child support" from the other parent. Hoegen v. Hoegen, 89 Mass. App. Ct. 6, 11 (2016). See G. L. c. 208, § 28.
Finally, the husband has not shown that the judge's division of the marital estate was "plainly wrong and excessive." Williams v. Massa, 431 Mass. 619, 631 (2000). While raising myriad claims of error and leveling various accusations at the wife (including that she fraudulently transferred a substantial amount of credit card debt to the husband), the husband again fails to provide competent record support for his assertions. He relies heavily on documents that postdate the trial and has altogether failed to show that the judge's findings were plainly wrong or that her division of the assets was in any way excessive.[4]
Amended judgment affirmed.

A copy of the amended judgment was provided to us by the Probate and Family Court.

Specifically, the judge found that (1) one of the children had been bitten by the child of a family that the husband had allowed to live in his home for a period of time, (2) the husband allowed a tenant who lived on the first floor of his home to watch the children before and after school, and, while in the tenant's care, one child sustained a burn on her arm, and (3) the husband did not ensure that the children completed their homework.

To the extent we have not addressed any of the husband's contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).