The appellant, Richard Frasca (husband), appeals from the second corrected judgment of divorce nisi, which incorporates the original judgment and the first corrected judgment of divorce nisi, issued in the Probate and Family Court (judgment). On appeal, he maintains that the judge erred in: (1) assigning his ex-wife, Hemalatha Frasca (wife), thirty-five percent of any future inheritances he may receive; (2) failing to consider the wife's interest in a property located in India; and (3) awarding his personal property to the wife. We vacate in part and remand.
Background. The parties were married for roughly thirty-four years. After both spouses filed for divorce, the consolidated complaints came before a judge of the Probate and Family Court, and the judge found the following facts.
The parties lived an upper middle class life-style, funded in large part by the husband's mother. Among other things, the husband's mother provided a home in Boston for them to live in, bought them an investment property in California, and paid for their children's private schooling from preschool through college. The husband holds a Ph.D. and has taught at many prestigious universities, while the wife earned a general education diploma (GED) and has not been employed outside the home. At the time of their divorce proceedings, the husband's mother was paying for him to live in a retirement community, and the wife was living in the marital home rent free. The judge found that the wife was completely financially dependent on the husband and his family's wealth.
Discussion. 1. Future inheritance. The husband contends that because he had no vested interest in an inheritance at the time of the divorce, the judge's assignment of any future inheritance constituted an abuse of discretion, requiring reversal. We agree.
General Laws c. 208, § 34, provides "for the equitable division of the property interests of partners in a marriage." Davidson v. Davidson, 19 Mass. App. Ct. 364, 369 (1985). When reviewing a divorce judgment, we examine (1) whether the judge considered all the factors outlined in § 34 when dividing the marital assets; and (2) whether the judge's reasoning is apparent from the findings and rulings. See Adams v. Adams, 459 Mass. 361, 371 (2011). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." Hoegen v. Hoegen, 89 Mass. App. Ct. 6, 9 (2016), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
An expectancy of future inheritance is not considered part of the marital estate, but a judge may take the expectancy into consideration when determining how to equitably divide the marital assets pursuant to G. L. c. 208, § 34. See Pfannenstiehl v. Pfannenstiehl, 475 Mass. 105, 111 (2016) ("When interests are properly characterized as mere expectancies ... they may not be included in the divisible estate of the divorcing parties"); Davidson, supra at 374-375; Zeh v. Zeh, 35 Mass. App. Ct. 260, 264 (1993). Here, when allocating the marital property, it was well within the judge's discretion to consider the high probability that the husband would inherit from his still-living mother at some point in the future. It was error, however, to assign the wife thirty-five percent of any future inheritances that the husband may receive. See Davidson, supra (husband's expectancy under still-living mother's will was not part of marital estate). Cf. Zeh, supra ("An inheritance in possession clearly stands on different footing [from an expectancy of an inheritance] and constitutes part of the estate of the recipient subject to division under § 34").[2] For this reason, that portion of the judgment must be vacated.[3] ,[4]
2. India property. The husband also contends that the trial judge erred in failing to find that the wife owned property in India. Alternatively, he maintains that the judge should have considered the wife's ability to generate rental income from this property.
"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Mass.R.Dom.Rel.P. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Barboza v. McLeod, 447 Mass. 468, 469 (2006), quoting from Marlow v. New Bedford, 369 Mass. 501, 508 (1976). The appellant bears the burden of showing that a finding of fact is clearly erroneous. See Pointer v. Castellani, 455 Mass. 537, 539 (2009).
At trial, the husband claimed that the wife owned and rented out a property in India, while the wife maintained that a Hindu temple owned the land, but that she paid taxes and had the right to live on the property. The resolution of conflicting testimony was for the judge, who explicitly credited the wife's testimony that she did not own the land. See Baccanti v. Morton, 434 Mass. 787, 790-791 (2001). The judge's factual findings were not clearly erroneous.
3. Personal property. Lastly, the husband takes issue with the portion of the judgment that provides for each party to "retain ... all personal property ... presently in their possession." He maintains that the judge erroneously granted the wife his academic work and papers, because she has no interest in them. At the time of the divorce, his possessions were in the marital home with the wife.[5] The husband testified about these personal possessions, but the judge made no explicit findings, nor provided any rationale for her decision to grant "all" personal property to the wife. The record is devoid of evidence or rationale to support the award with respect to the academic papers. On remand, the judge should once again consider the disposition of the husband's academic papers and provide written findings. See Redding v. Redding, 398 Mass. 102, 108 (1986) (reasons for judge's conclusions "must be apparent in [her] findings and rulings").
So much of the second corrected judgment that divides the marital assets, as well as the portion of the second corrected judgment awarding personal property, are vacated, and the matter is remanded for further proceedings consistent with this memorandum and order. In all other respects the second corrected judgment is affirmed.
So ordered.
Vacated in part and remanded; affirmed in part.

Although there was testimony on both sides regarding the possibility of a trust benefiting the husband, and the judge credited the wife's testimony that she had seen a family trust, there was no evidence that the husband had a present and enforceable interest in any trust. Contrast Lauricella v. Lauricella, 409 Mass. 211, 216-217 (1991) ; Ruml v. Ruml, 50 Mass. App. Ct. 500, 510-512 (2000).

Although the judgment provides that neither party will presently pay alimony to the other, the judge also concluded that the grant of thirty-five percent of any of the husband's future inheritances will "mirror the alimony statutory guidelines ... to meet [w]ife's needs." We note that the concepts of alimony and property division are "separate and distinct." Heins v. Ledis, 422 Mass. 477, 482 (1993). However, as noted above, the judge may consider the husband's expectancy in a future inheritance when dividing the marital assets. See Pfannenstiehl, supra.

The judgment provides that the wife will not receive alimony "at this time." We express no opinion as to any future complaint for modification of alimony should the husband receive the inheritance.

The husband brought a motion to reconsider which was denied without explanation.